Charles E. ALLEN, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 97–3163.

United States Court of Appeals, Federal Circuit.

Oct. 14, 1997.

Richard J. Johnson, Wood & Johnson, P.C., Aurora, IL, for petitioner. With him on the brief was Phillip S. Wood.

Eric D. Flores, Attorney, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. With him on the brief were Mary L. Jennings, General Counsel, and Calvin M. Morrow, Acting Assistant General Counsel.

Before ARCHER, Chief Judge, MICHEL, and LOURIE, Circuit Judges.

LOURIE, Circuit Judge.

Charles E. Allen appeals from the decision of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction. Docket No. CH–00752970026–I–1. Because, under the applicable statute gov-

erning Federal Aviation Administration (FAA) personnel, an FAA employee cannot appeal his removal to the board, we affirm.

## BACKGROUND

Allen, a veteran, was employed by the FAA as an air traffic control specialist. The FAA removed Allen on September 11, 1996 after he tested positive for drug use. He appealed his removal to the board.

In an initial decision, the administrative judge (AJ) dismissed Allen's appeal because of lack of jurisdiction. The AJ recognized first that § 347 of the Department of Transportation and Related Agencies Appropriations Act, Pub.L. No. 104–50, 109 Stat. 436, 460 (1995) (the Act) charged the FAA with creating a new personnel management system that "addresses the unique demands on the agency's workforce." § 347(a). The AJ then noted that § 347(b) of the Act mandates that certain provisions of title 5 are to remain applicable under the FAA's new system, but that those of chapter 75 were not included among them. In fact, the AJ determined that the Act specifically exempts chapter 75 appeal rights to the board from the new system.[1] Thus, the AJ concluded that the board did not have jurisdiction over Allen's appeal. The AJ's initial decision became the board's final decision when Allen failed to file a petition for review with the full board. *See* 5 C.F.R. § 1201.113 (1996).

Allen appeals to this court, arguing that the board erred in dismissing his case for lack of jurisdiction.

## DISCUSSION

■■■ We may reverse a decision of the board only if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1994); *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed.Cir.1986). The board's jurisdiction is limited to actions made appealable to it by law, rule, or regulation. *See* 5 U.S.C. § 7701(a) (1994); *Forest v. Merit Sys. Protection Bd.*, 47 F.3d 409, 410 (Fed.Cir. 1995). Whether the board has jurisdiction to adjudicate a particular appeal is a question of law, which we review *de novo*. *King v. Briggs*, 83 F.3d 1384, 1387 (Fed.Cir.1996).

Section 347 of the Act (as amended by Pub.L. No. 104–122, § 1, 110 Stat. 876, 876 (1996)) provides in relevant part:

(a) In consultation with the employees of the Federal Aviation Administration and such non-governmental experts in personnel management systems as he may employ, and notwithstanding the provisions of title 5, United States Code, and other Federal Personnel laws, the Administrator of the Federal Aviation Administration shall develop and implement, not later than January 1, 1996, a personnel management system for the Federal Aviation Administration that addresses the unique demands on the agency's workforce. Such a new system shall, at a minimum, provide for greater flexibility in the hiring, training, compensation, and location of personnel.

(b) The provisions of title 5, United States Code, shall not apply to the new personnel management system developed and implemented pursuant to subsection (a), with the exception of—

(1) section 2302(b), relating to whistleblower protection;

(2) sections 3308–3320, relating to veterans' preference;

(3) chapter 71, relating to labor-management relations;

(4) section 7204, relating to antidiscrimination;

(5) chapter 73, relating to suitability, security, and conduct;

(6) chapter 81, relating to compensation for work injury; and

(7) chapters 83–85, 87, and 89, relating to retirement, unemployment compensation, and insurance coverage.

(c) This section shall take effect on April 1, 1996.

---

1. *See* 5 U.S.C. § 7513(d) (1994) ("An employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board under section 7701 of this title."). ·

Allen argues that the board's interpretation of § 347 is inconsistent with the Act's plain meaning and with Congressional policies reflected in the Veterans Preference Act, the Civil Service Reform Act, and the Federal Courts Improvement Act, and therefore that the Act does not eliminate the board's jurisdiction. In support, Allen contends: (1) the Act does not specify that FAA employees lose their status as "employees" under 5 U.S.C. § 7511, and thus lose their appeal rights to the board; (2) the purpose of § 347, as stated in § 347(a), is to provide the FAA with greater flexibility with respect to "hiring, training, compensation, and location of personnel," not removal actions or appeal rights; (3) the Act expressly retains title 5 veterans preference rights, § 347(b)(2), and it is inconsistent to construe the Act to abrogate these rights; (4) the FAA's appeal system, under which removal decisions may be appealed to either the United States Court of Appeals for the District of Columbia or an appellant's regional federal circuit, is in conflict with Congress's desire to promote uniformity in federal employment law by giving this court almost exclusive jurisdiction over these cases.

■ We do not find Allen's arguments persuasive and conclude that the board did not err in dismissing Allen's appeal for lack of jurisdiction. The Act clearly manifests Congress's intent to grant to the FAA the power to promulgate its own personnel system to address "the unique demands on the agency's workforce." § 347(a). Moreover, the Act is clear concerning the applicability of title 5 to the new FAA system: with limited exceptions, title 5 "shall not apply to the new personnel management system developed and implemented pursuant to subsection (a)"; it therefore does not apply to FAA personnel. § 347(b). Section 7513(d) of title 5, governing adverse action appeals to the board, does not fit within any of the stated exceptions, and it therefore no longer applies to FAA employees. Accordingly, under the FAA's new personnel management system, an FAA employee such as Allen no longer enjoys appeal rights to the board from adverse actions. Instead, the new system promulgated pursuant to the Act permits an FAA employee to appeal an adverse action first to a three-judge FAA panel, and ultimately to either the United States Court of Appeals for the District of Columbia or the employee's regional federal circuit. *See* Federal Aviation Administration: Personnel Management System 27–29 (Mar. 28, 1996) (outlining the appeals procedure under the FAA's new personnel management system).

■ Allen's other arguments in support of the board's jurisdiction in this case do not overcome the clear language of the Act. *See In re Donaldson Co.,* 16 F.3d 1189, 1193 (Fed.Cir.1994) (*in banc*) ("When statutory interpretation is at issue, the plain and unambiguous meaning of a statute prevails in the absence of clearly expressed legislative intent to the contrary.") (citations omitted). First, Allen is incorrect that the Act does not specify that FAA employees lose their status as "employees" under 5 U.S.C. § 7511. The Act specifically provides that title 5 of the United States Code "shall not apply" to the FAA's new management system, with certain exceptions that do not include § 7511. Second, that the Act specifies that the FAA's new system "shall, *at a minimum,* provide for greater flexibility in the hiring, training, compensation, and location of personnel[,]" § 347(a) (emphasis added), does not mean that the FAA's new system cannot provide for a unique means of appeal in removal cases involving its employees. Third, while the new FAA system indeed maintains certain veteran preference rights under § 347(b)(2), these rights relate to preferential hiring, not removal or appeal rights. *See* 5 U.S.C., ch. 33 (1994) (entitled "Certification and Appointment"). Finally, Allen's argument concerning the Congressional policy of uniformity of federal employee appeal rights is unsound. Congress's intent is clearly set forth in the Act and we must give it effect.

## CONCLUSION

The board did not err in concluding that, under § 347 of the Act, it did not have jurisdiction over Allen's appeal. The decision of the board is

*AFFIRMED.*