**Mary Rose DIEFENDERFER, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 98–3404.

United States Court of Appeals, Federal Circuit.

Oct. 14, 1999.

Sevilla C.P. Claydon, Law Offices of Judith A. Lonnquist, P.S., of Seattle, Washington, argued for petitioner.

Joyce G. Friedman, Attorney, Office of the General Counsel, Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were Mary L. Jennings, General Counsel, and Martha B. Schneider, Assistant General Counsel.

Before RADER, Circuit Judge,
SKELTON and ARCHER, Senior Circuit Judges.

ARCHER, Senior Circuit Judge.

Mary Rose Diefenderfer appeals the decision of the Merit Systems Protection Board (Board) dismissing her appeal for lack of jurisdiction. Because the Board does not have jurisdiction to hear Federal Aviation Administration (FAA) whistleblower claims, we *affirm*.

## BACKGROUND

Ms. Diefenderfer was employed as an Aviation Safety Inspector with the FAA in the Seattle Flight Standards District Office in Renton, Washington. On June 26, 1997, she was reassigned to the position of Aviation Safety Inspector with the Technical Standards Branch in Renton without a reduction in grade or pay.

Ms. Diefenderfer made a request, on July 7, 1997, to file a whistleblower complaint with the Office of Special Counsel (OSC). The OSC, however, denied the request on the basis that the OSC did not have jurisdiction to investigate whistleblower complaints from FAA employees. On February 27, 1998, Ms. Diefenderfer asked the OSC to reconsider its position and filed a formal whistleblower complaint with the OSC against the FAA for violations of 5 U.S.C. § 2302(b) (1994). The OSC denied the reconsideration request and directed her to pursue her claim of reprisal in accordance with internal procedures under the FAA's Personnel Management System adopted pursuant to the Department of Transportation Appropriations Act of 1996, Pub.L. No. 104–50, § 347, 109 Stat. 436, 460 (1995) as amended by Pub.L. No. 104–122, § 1, 110 Stat. 876, 876 (1996) (DOT Act).

Ms. Diefenderfer subsequently filed an IRA appeal with the Board in which she challenged her reassignment and asserted that the FAA had failed to select her for several positions and had engaged in "other harassing and retaliatory actions." The administrative judge (AJ) issued an Initial Decision on July 24, 1998, dismissing the appeal for lack of jurisdiction. The AJ found that although § 347(b) of the DOT Act provided that 5 U.S.C. § 2302(b), relating to whistleblower protection, applied to FAA employees, that section did not give the OSC or the Board jurisdiction over whistleblower claims or appeals. Relying upon *Allen v. Merit Sys. Protection Board*, 127 F.3d 1074 (Fed.Cir.1997), the AJ concluded that because § 347(b) of the DOT Act did not specifically refer to or incorporate § 1221(a) of title 5 (the Board's statutory authority to adjudicate IRA appeals), the Board was without jurisdiction to hear FAA employees' appeals. He determined that Ms. Diefenderfer's whistleblower claims were covered under the FAA Personnel Management System and that she had not asserted a claim that would establish Board jurisdiction. Ms. Diefenderfer did not file a petition for review by the Board, and the Initial Decision became final on August 28, 1998. This appeal followed.

## DISCUSSION

### I.

■ We may set aside a decision of the Board only when it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence...." 5 U.S.C. § 7703(c) (1994); *see also Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140 (Fed.Cir.1986). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which we review *de novo*. *See King v. Briggs*, 83 F.3d 1384, 1387 (Fed.Cir.1996).

Section 347 of the DOT Act provides:

(a) In consultation with the employees of the Federal Aviation Administration and such non governmental experts in personnel management systems as he may employ, and notwithstanding the provisions of title 5, United States Code, and other Federal Personnel laws, the Administrator of the Federal Aviation Administration shall develop and implement, not later than January 1, 1996, a personnel management system for the Federal Aviation Administration that addresses the unique demands on the agency's workforce. Such a new system shall, at a minimum, provide for greater flexibility in the hiring, training, compensation, and location of personnel.

(b) The provisions of title 5, United States Code, shall not apply to the new personnel management system developed and implemented pursuant to subsection (a), with the exception of—

(1) section 2302(b), relating to whistleblower protection;

(2) sections 3308–3320, relating to veterans' preference;

(3) chapter 71, relating to labor-management relations;

(4) section 7204, relating to antidiscrimination;

(5) chapter 73, relating to suitability, security, and conduct;

(6) chapter 81, relating to compensation for work injury; and

(7) chapters 83–85, 87, and 89, relating to retirement, unemployment compensation, and insurance coverage.

(c) This section shall take effect on April 1, 1996.

## II.

■ Ms. Diefenderfer contends that § 347(b) of the DOT Act confers jurisdiction on the OSC and the Board because the intended meaning of the statute is that whistleblower protection, as well as the six other enumerated items, are areas to which "the provisions" of title 5 apply, including the jurisdictional provisions. Ms. Diefenderfer acknowledges the general rule that title 5 does not apply to the FAA Personnel Management System, but argues, in effect, that § 347(b) can and should be read so that all pertinent provisions of title 5 related to the enumerated exceptions come into play. Ms. Diefenderfer contends that to interpret the statute otherwise would produce an absurd result whereby whistleblowers would have no redress. We disagree.

■ In construing a statute or regulation, we commence by inspecting its language to ascertain its plain meaning. *See Bazalo v. West,* 150 F.3d 1380, 1382 (Fed. Cir.1998). If the terms of the statute or regulation are unambiguous, no further inquiry is usually required. *See Cox v. West,* 149 F.3d 1360, 1363 (Fed.Cir.1998) (citing *Freytag v. Commissioner,* 501 U.S. 868, 873, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991) ("When we find the terms of a statute unambiguous, judicial inquiry

should be complete except in rare and exceptional circumstances.")).

The words of the DOT Act are unambiguous. "The Act is clear concerning the applicability of title 5 to the new FAA system: with limited exceptions, title 5 'shall not apply to the new personnel management system developed and implemented pursuant to subsection (a)'; it therefore does not apply to FAA personnel." *Allen,* 127 F.3d at 1076 (quoting § 347). "Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent." *Espenschied v. Merit Sys. Protection Board,* 804 F.2d 1233, 1237 (Fed.Cir.1986) (citing *Andrus v. Glover Const. Co.,* 446 U.S. 608, 616–17, 100 S.Ct. 1905, 64 L.Ed.2d 548 (1980)).

■ We conclude that only the specific sections of title 5 set out in the seven enumerated exceptions apply to FAA employees. In the case of whistleblower protection, the substantive reprisal prohibition of § 2302(b) of title 5 is included in the list of specifically excepted provisions, but the separate sections of title 5 found in Chapter 12 providing for OSC and MSPB enforcement jurisdiction over such matters are not enumerated. Thus, under the plain meaning of § 347, Chapter 12 was not among the sections of title 5 that Congress specifically made exceptions to the general inapplicability of the "provisions of title 5" to FAA employees.

Our conclusion is further supported by another enumerated exception contained in § 347 where Congress not only excepted discrete substantive measures of title 5, but also specifically identified the entire regulatory and enforcement sections of title 5 that were applicable to FAA employees. Specifically, under § 347(b)(7), Chapter 84 of title 5 incorporates not only the substance of the Federal Employees' Retirement System, but also the provisions for the presentation and adjudication of claims arising under the system. *See* 5 U.S.C. §§ 8461–8467 (1994). Because

Congress did not similarly incorporate the title 5 enforcement scheme for § 2302(b), we cannot interpret the language of § 347 to include Chapter 12 of title 5.

It is clear that § 347 was enacted "to grant to the FAA the power to promulgate its own personnel system to address 'the unique demands on the agency's workforce.'" *Allen,* 127 F.3d at 1076. Consistent with this objective, FAA employees are protected against whistleblowing reprisals and this issue is dealt with within the FAA personnel system and under its procedures.

### III.

Ms. Diefenderfer also argues that it was Congress' intent to include OSC and MSPB jurisdiction in § 347(b) because in current legislation, which has passed both houses of Congress, that section is revised to include the jurisdictional grants of Chapter 12 of title 5. She contends that the legislation demonstrates that Congress intended § 347 to include the jurisdictional grant to OSC and the Board and that Congress is acting to prevent any further misinterpretations of the statute.

■■■ Ms. Diefenderfer's reliance on this legislation is misplaced. The Wendell H. Ford Air Transportation System Improvement Act of 1998, S. 2279 and H.R. 4057, 105th Cong., 2nd Sess., § 515 has not been enacted into law. Moreover, a subsequent amendment to legislation by a later Congress is not a reliable indication of the intent of the prior Congress that enacted the original legislation. *See Trans–Lux Corp. v. United States,* 696 F.2d 963, 966 (Fed.Cir.1982) ("It must be remembered that it is not the intent of the present Congress that is important, but the intent of the Congress that enacted the ... legislation."); *Otis Elevator Co. v. United States,* 157 Ct.Cl. 339, 301 F.2d 320, 324 (Ct.Cl.1962) ("The proper interpretation of the statute should come from what we can discern as the intent of Congress at the time the statute was enacted."). If any-

thing, the pending legislation and its description serve to indicate that the provisions of Chapter 12 of title 5 are not applicable to FAA employees such as Ms. Diefenderfer. We therefore conclude that § 347(b) of the DOT Act, in its current embodiment, does not provide OSC and Board enforcement jurisdiction over Ms. Diefenderfer's whistleblower complaint.

### CONCLUSION

We affirm the Board's decision that it does not have jurisdiction in this case.

*AFFIRMED.*