**Ruthie M. GOODMAN, Petitioner,**

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 04–3132.

United States Court of Appeals, Federal Circuit.

DECIDED: July 8, 2004.

Before MICHEL, GAJARSA and LINN, Circuit Judges.

PER CURIAM.

Ruthie M. Goodman ("Goodman") appeals from the Merit Systems Protection Board's ("Board") dismissal of her appeal for lack of jurisdiction. *Goodman v. Dep't of Labor,* No. DC–3443–03–615–I–1, 95 M.S.P.R. 431 (MSPB Nov. 21, 2003) ("*Final Decision*"); *Goodman v. Dep't of Labor,* No. DC–3443–03–615–I–1 (MSPB Aug. 11, 2003) ("Initial Decision"). Because the Board's decision was not contrary to law or otherwise in error, we *affirm.*

In 1987, Goodman suffered permanent impairment to her lower left extremity while carrying mail for the United States Post Office. She was granted a schedule award of 35 percent for this injury and placed on limited-work duty. In 1994, she filed a further claim, under the Federal Employment Compensation Act ("FECA") for compensation due to this injury. The

Office of Worker's Compensation Programs denied her claim, and this denial was subsequently affirmed.

In 2002, Goodman timely appealed to the Board, challenging the decision of the Office of Worker's Compensation Programs. In July 2003, an administrative judge advised Goodman that the Board did not have jurisdiction to review FECA claims and that her appeal would be dismissed unless she was appealing one of the actions listed in the Board's regulations. *Goodman v. Dep't of Labor*, No. DC–3443–03–0614–I–1 (MSPB July 1, 2003) ("Acknowledgment Order"). Goodman was also advised that she had the burden of proving Board jurisdiction and was ordered to file evidence and argument to prove that her appeal fell within Board jurisdiction.

Receiving no response to the Acknowledgement Order, the administrative judge entered an initial decision dismissing Goodman's appeal for lack of jurisdiction. Initial Decision, slip op. at 2. Goodman petitioned the Board for review of the Initial Decision. Citing a lack of new, previously unavailable evidence, and concluding that the administrative judge had not erred, the Board denied Goodman's petition and the initial decision became the final decision of the Board. Final Decision, slip op. at 1–2.

Goodman appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## ANALYSIS

This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). Whether the Board has jurisdiction to hear an appeal is a question of law reviewed de novo. *Diefenderfer v. Merit Sys. Prot. Bd.*, 194 F.3d 1275, 1277 (Fed.Cir.1999). The Board's jurisdiction is limited to those actions specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); *Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1374 (Fed.Cir. 2003). It is the petitioner's burden to show that the Board has jurisdiction by a preponderance of the evidence. *Gilbert v. Dep't of Justice*, 334 F.3d 1065, 1070 (Fed. Cir.2003).

Goodman points to no law, rule, or regulation granting the Board jurisdiction over decisions of the Office of Worker's Compensation Programs or the Employee's Compensation Appeals Board. To the contrary, "[c]laim disputes under FECA are resolved administratively and decisions . . . regarding disability compensation are protected from judicial review by [5 U.S.C. § ]8128(b)." *Pueschel v. United States*, 297 F.3d 1371, 1374 (Fed.Cir.2002). That statute specifically provides that:

> The action of the Secretary or his designee in allowing or denying a payment [related to workers compensation] is (1) final and conclusive for all purposes and with respect to all questions of law and fact; and (2) *not subject to review* . . . by a court by mandamus or otherwise.

5 U.S.C. § 8128(b) (2000) (emphasis added). The Board correctly concluded that it lacked jurisdiction to hear the claims brought by Goodman.

Goodman argues that she received the Acknowledgement Order too late to supply the requested support for jurisdiction. But she fails to provide the court with any details of what additional support she might have or how any further evidence would establish jurisdiction over her claims. Her arguments are thus hollow. Because the Board's dismissal of Good-

man's claim for lack of jurisdiction was not contrary to law or otherwise arbitrary, an abuse of discretion, obtained without procedures of law, rule, or regulation having been followed, or unsupported by substantial evidence, we affirm.