NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3410

THOMAS F. CRUISE,

Petitioner,

v.

SOCIAL SECURITY ADMINISTRATION,

Respondent.

_____

DECIDED:  March 9, 2005

_____

Before LOURIE, CLEVENGER, and PROST, Circuit Judges.

PER CURIAM

Thomas F. Cruise ("Cruise") seeks review of the final decision of the Merit Systems Protection Board ("Board") dismissing for lack of jurisdiction his challenge to the agency determination that he was paid in error while he was suspended.  Cruise v. Soc. Sec. Admin., No. BN0752030142-I-1 (M.S.P.B. June 15, 2004).  Because the Board correctly held it did not have jurisdiction to hear the appeal, we affirm.

I

Cruise was employed as a Criminal Investigator, GS-1811-13, Office of the Inspector General for the Social Security Administration (the "agency").  He was indefinitely suspended from duty without pay from July 19 to August 9 in 2002.  During this period, however, the agency continued to pay Cruise and did not provide Cruise

with an "Official Notification of Personnel Action" concerning the pay suspension. Cruise challenged his suspension before the Board but withdrew his appeal. See Cruise v. Soc. Sec. Admin., No. BN0752020159-I-1 (M.S.P.B Oct. 2, 2002). He did not appeal the initial decision of the Board dismissing the case and it became final on November 6, 2002.

The agency attempted to recoup the overpayment it determined to be $6,253.87, notifying Cruise of the overpayment in a letter dated September 19, 2002. Cruise appealed the determination of the agency to the Department of Health and Human Service's Departmental Appeals Board ("DAB") which upheld the overpayment determination but reduced the amount to $4,806.21 upon stipulation by the agency. Soc. Sec. Admin. v. Cruise, No. C-03-180 (HHS DAB May 20, 2003). Cruise then appealed to the Board.

Before the Board, Cruise requested review of the DAB decision which sustained the agency's determination that Cruise had been overpaid. Cruise characterized the decision of the DAB as a retroactive suspension without pay. The Board found it lacked jurisdiction to hear the appeal because the agency action was not a retroactive suspension but only a determination that Cruise had received an overpayment of salary in error. Cruise could not challenge the propriety of the suspension itself because that issue had already been adjudicated. Therefore the Board dismissed the appeal for lack of jurisdiction because it found Cruise had failed to show that he was deprived of duties or pay by the agency decision that he must repay the overpaid salary. Cruise now seeks review of the dismissal by the Board. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1295(a)(9) (2000).

II

This court reviews questions of law and determinations of jurisdiction without deference to the Board. Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1277 (Fed. Cir. 1999). The Board has jurisdiction over only those actions which are made appealable to it by law, rule, or regulation. 5 U.S.C. §§ 1204(a)(1), 7701(a) (2000). A petitioner bears the burden of showing that the Board has jurisdiction by a preponderance of evidence. 5 C.F.R. § 1201.56(a)(2)(i) (2004).

III

Cruise's appeal arises from the DAB determination that the agency had overpaid him in the amount of $4,806.21. Cruise attempts to recharacterize the action by the agency to recover the overpayment as a "retroactive suspension" in order to establish jurisdiction of the Board. Cruise has not shown that he was "retroactively suspended" by the decision that he must repay the overpayment because he was previously deemed properly suspended by the Board.

The DAB only decided if Cruise had received a salary overpayment and whether the agency's calculation of that overpayment was correct. Before the DAB, Cruise did not deny he was suspended without pay, or that he received his salary during the suspension period, he argued instead that his suspension was unjustified. The DAB correctly recognized that it was without authority to review the propriety of the suspension; that issue is foreclosed by the previous appeal to the Board. Cruise has already had his opportunity to challenge the suspension decision and cannot now renew his arguments by characterizing the agency demand for repayment as a "retroactive

suspension." His challenge to the suspension has been adjudicated and the Board lacks jurisdiction to review anew the underlying suspension.

Cruise also argues that the Board should have reviewed whether the agency should have waived the overpayment, but that issue was not before the Board and Cruise cannot raise the argument for the first time before this court. Boggs v. West, 188 F.3d 1335 (Fed. Cir. 1999).

The decision of the Board that it lacked jurisdiction to hear Cruise's appeal must be affirmed.