NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3355

BRIAN K. HATTON,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  March 16, 2005

_____

Before NEWMAN, BRYSON, and PROST, Circuit Judges.

PER CURIAM.

## DECISION

Brian Hatton appeals the decision of the Merit Systems Board of Protection, Docket No. SF-3443-03-0243-I-1, which dismissed his case for lack of jurisdiction.  We affirm.

## BACKGROUND

Mr. Hatton is a veteran with a service-connected disability that makes him eligible for civil service veterans' preferences.  In 2002, Mr. Hatton attended a job fair held by the Federal Aviation Administration ("FAA").  At the fair, the FAA distributed an

announcement stating that it had positions open for the job of Air Traffic Control Specialist and that interested applicants were required to take an entry-level employment examination. Mr. Hatton submitted a written application to the FAA, and about a month later, the FAA sent him a letter stating that the FAA had conducted a random lottery to determine which applicants would be allowed to take the examination and that Mr. Hatton had not been selected in that lottery. Had he been allowed to take the exam, Mr. Hatton would have been entitled to have ten extra points added to his examination score because of the veterans' preferences for which he was eligible.

Mr. Hatton sought relief under 5 U.S.C. § 3330a(a) from the Department of Labor. He argued that he should be allowed to take the exam and receive the extra points. The Department of Labor declined to pursue his case. Mr. Hatton then filed an appeal with the Merit Systems Protection Board under 5 U.S.C. § 3330a(d). In an initial decision, the administrative judge to whom the case was assigned dismissed the appeal for lack of jurisdiction based on 49 U.S.C. § 40122(g). The administrative judge reasoned that because section 40122(g)(2) states that, in general, "[t]he provisions of title 5 shall not apply" to the FAA, the statute permits the FAA to develop its own personnel management system. While section 40122(g)(2) lists eight exceptions to the FAA's exemption from title 5, none of those exceptions includes section 3330a, the statutory provision relevant to Mr. Hatton's case. The administrative judge further found that while 49 U.S.C. § 40122(g)(3) provides that "an employee of the Federal Aviation Administration may submit an appeal to the Merit Systems Protection Board," Mr. Hatton failed to satisfy the requirements of section 40122(g)(3) because he was an applicant, not an employee of the FAA.

Mr. Hatton petitioned for review by the full Board, but the petition was denied.

DISCUSSION

On appeal, Mr. Hatton argues that the Board has jurisdiction over his appeal because he has satisfied the requirements of 5 U.S.C. § 3330a and because that section is one of the exceptions to the FAA's general exemption from title 5. See 49 U.S.C. § 40122(g)(2). He also argues that as an applicant for an FAA job, he is entitled to appeal to the Board under 49 U.S.C. § 40122(g)(3). We disagree on both points.

1. Section 3330a provides that a preference-eligible veteran may file a complaint with the Secretary of Labor alleging a violation of veterans' preference rights and that "[i]f the Secretary of Labor is unable to resolve a complaint . . . within 60 days after the date on which it is filed, the complainant may elect to appeal the alleged violation to the Merit Systems Protection Board . . . ." 5 U.S.C. § 3330a(d). Mr. Hatton asserts that the Board had jurisdiction under that section, because he was a preference-eligible veteran, the FAA denied him the preference to which he was entitled, and he exhausted administrative remedies with the Secretary of Labor. In light of 49 U.S.C. § 40122(g), however, Mr. Hatton must also show that section 3330a falls within one of the statutory exceptions to the general rule that title 5 provisions do not apply to the FAA's personnel system.

Mr. Hatton argues that section 3330a falls within the exceptions described in 49 U.S.C. § 40122(g)(2)(B). Section 40122(g)(2)(B) provides that "sections 3308-3320, relating to veterans' preference" are not subject to the title 5 exemption. While section 3330a is not listed in the text of that statute, Mr. Hatton contends that the exception in

04-3355                                3

section 40122(g)(2)(B) was intended to cover section 3330a because section 3330a relates to veterans' preferences.

The statutory reference to "veterans' preference" does not have the effect of incorporating all the provisions of title 5 pertaining to veterans' preference, including those not explicitly listed. Instead, the statute sets forth specific sections of title 5 that are exceptions to the general rule of 49 U.S.C. 40122(g)(2). See Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1278 (Fed. Cir. 1999); Allen v. Merit Sys. Prot. Bd., 127 F.3d 1074, 1076 (Fed. Cir. 1997). The statute accurately describes sections 3308 through 3320 of title 5 as relating to "veterans' preference," but that description of those provisions does not mean that all title 5 provisions that relate to veterans' preferences are included within the exception. In the absence of evidence of contrary legislative intent, we agree with the administrative judge that the term "veterans' preference" is merely used to describe the subject matter that sections 3308 through 3320 cover, and not to broaden the statutory exception beyond the scope of the provisions that are explicitly listed in the statute.

Mr. Hatton also contends that the Board has jurisdiction pursuant to 5 U.S.C. § 7701, which is listed as one of the exceptions to the title 5 exemption under 49 U.S.C. § 40122(g)(2)(H). Section 7701 states that "[a]n employee, or applicant for employment, may submit an appeal to the Merit Systems Protection Board from any action which is appealable to the Board under any law, rule, or regulation." 5 U.S.C. § 7701(a). Mr. Hatton asserts that he falls under section 7701 because his action is "appealable to the Board" pursuant to 5 U.S.C. § 3330a. However, the general title 5 exemption set forth in 49 U.S.C. § 40122(g)(2) bars Mr. Hatton's action from being

appealable under section 3330a, because none of the eight categories of exceptions to the title 5 exemption includes section 3330a. His eligibility for an exception under sub-paragraph (H) depends on his case falling within sub-paragraph (B). But because section 3330a does not fall within sub-paragraph (B), Mr. Hatton's argument that he is entitled to appeal pursuant to sub-paragraph (H) likewise fails.

Mr. Hatton points out that the public law creating 49 U.S.C. § 40122(g), the Department of Transportation and Related Agencies Appropriation Act, Pub. L. No. 104-50, 109 Stat. 436 (1995) ("DOT Act"), was enacted prior to the public law that created 5 U.S.C. § 3330a, the Veterans Employment Opportunity Act of 1998, Pub. L. No. 105-339, 112 Stat. 3182 ("VEOA"), and that Congress therefore could not have included section 3330a when it drafted the exceptions set forth in 49 U.S.C. § 40122(g). Mr. Hatton concludes that when Congress enacted the VEOA, it simply neglected to amend the DOT Act and that the DOT Act should be interpreted as if it had been amended to include section 3330a among the exceptions to the FAA's statutory exemption from title 5. We disagree. The VEOA amended the DOT Act to make specific sections of title 5 applicable to the FAA so that the FAA would apply veterans' preferences when considering reductions in force. See Pub. L. No. 105-339, § 5, 112 Stat. 3187. Hence, Congress's failure to add section 3330a to the exceptions listed in section 40122(g)(2) cannot be attributed to an oversight regarding the DOT Act as a whole. Indeed, Congress had yet another chance to add section 3330a into the list of exceptions in a subsequent reenactment of the DOT Act through the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, Pub. L. No. 106-181, 114 Stat. 61 (2000). That Act added the eighth category of exceptions to section 40122(g)(2), which

was codified as 49 U.S.C. § 40122(g)(2)(H).  Significantly, however, it left subparagraph (B) unaffected and did not add section 3330a to that category.  Hence, to the extent that Mr. Hatton argues that the court should fill a gap that Congress inadvertently left with regard to section 3330a, his argument fails.

2.  In the alternative, Mr. Hatton contends that the Board has jurisdiction to hear his appeal because his action falls under 49 U.S.C. § 40122(g)(3).  Section 40122(g)(3) states that "an employee of the [FAA] may submit an appeal to the Merit Systems Protection Board . . . ."  Mr. Hatton contends that although he is an applicant, not an employee, he is entitled to invoke section 40122(g)(3), because "employment statutes which refer only to 'employees' are routinely interpreted to cover applicants and former employees as necessary to promote the law's purpose."  That broad assertion, however, is unsupported by the authorities he cites.  Indeed, one of his authorities, Robinson v. Shell Oil Co., 519 U.S. 337 (1997), specifically points out that applicants and employees fall under entirely different categories, in that the category of applicants includes "many persons who will not become employees," such as "[u]nsuccessful applicants or those who turn down a job offer."  Id. at 344.

Mr. Hatton further asserts that it is irrelevant whether he is an employee or applicant, because rights created by section 3330a apply to a "preference eligible" regardless of his employment status.  We reject that argument.  While section 3330a does not refer to employee status, the issue of status becomes relevant in applying the jurisdiction-conferring provision of 49 U.S.C. § 40122(g)(3), which is explicitly limited to employees.