NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3208

BARBARA J. THOMPSON,

Petitioner,

v.

DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT,

Respondent.

————————————

DECIDED:  November 1, 2005

————————————

Before NEWMAN, LOURIE, and RADER, Circuit Judges.

PER CURIAM.

Barbara J. Thompson petitions for review of the final decision of the Merit Systems Protection Board dismissing her Individual Right of Action ("IRA") appeal for lack of jurisdiction and denying her request for corrective action for nonselection for a promotion.  Thompson v. Dep't of Hous. & Urban Dev., No. AT-1221-03-0411-W-2 (M.S.P.B. April 29, 2005).  We affirm.

BACKGROUND

Barbara J. Thompson was employed as an Associate Community Builder in the Columbia, South Carolina Office of the Department of Housing and Urban Development ("HUD"). In April 2002, the Community Builder program was

abolished, and Thompson was transferred to the Multi-Family Division as a Construction Analyst. On June 1, 2002, Thompson retired from HUD.

On June 16, 2001, Thompson filed an EEO complaint, alleging a hostile work environment based on her race and gender. The AJ eventually dismissed the complaint for lack of jurisdiction to allow her complaint to be heard by the Board. Thompson filed two complaints at the Office of Special Counsel ("OSC"), alleging retaliation for engaging in whistleblowing activity. Her claims were terminated without remedying her complaints. Thompson then filed an IRA appeal to the Board in August 2003. She contended that due to what she considered intolerable work conditions she was forced to resign, and she claimed she was retaliated against for reporting those conditions along with other employee misconduct in violation of the Whistleblower Protection Act ("WPA").

The AJ held a two-day hearing on the merits of her involuntary resignation and whistleblower claims. Thompson argued that the following specific circumstances showed a hostile work environment: (1) humiliation by being included in a clerical staff meeting, (2) being forced to pay $60 for a meal and being the only presenter required to work in the hallway, (3) fear of a supervisor, Gregorie, because he pulled an imaginary gun on her in an intimidating manner, and (4) the agency's failure to address or remedy the decline in her health. Thompson argued that due to those conditions, as well as others, she was forced to retire. She further alleged that she reported some of the alleged hostile conditions to an employee, Scioscia, and others, and because of the disclosures, she was not selected for a promotion.

With respect to her involuntary resignation claim, the AJ determined that Thompson failed to establish by preponderant evidence that working conditions were made so difficult by the agency that a reasonable person in her position would have felt compelled to resign. The AJ found Thompson's testimony of the described events to be not credible in some instances and considered Thompson to have overreacted in others. The AJ considered the totality of the circumstances and determined that a reasonable person would have had a choice whether to resign or not. Because Thompson did not prove that her resignation was involuntary, the claim was dismissed for lack of jurisdiction.

As for her whistleblower claim, the AJ held that certain disclosures by Thompson were not protected under the WPA. Scioscia, the recipient of her disclosures, was not a supervisor. Since Scioscia was not in a position to correct the abuse, and he did not report the disclosures to anyone else, the AJ found that the disclosures did not qualify as protected disclosures under the WPA. Also, Thompson failed to prove by preponderant evidence that her disclosures were a contributing factor in her nonselection for the promotion. Furthermore, even if Thompson established that they were a contributing factor, the agency proved by clear and convincing evidence that it would have selected the other candidate over Thompson in any event. Because Thompson did not establish her claim of nonselection for a promotion, the AJ denied her request for corrective action.

Thompson petitioned the full Board for review of her case in January 2004. In April 2005, the full Board denied Thompson's petition for review, and

the AJ's decision became the Board's final decision. See 5 C.F.R. § 1201.113(b). Thompson timely appealed to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited. We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003). A board decision is unsupported by substantial evidence when it lacks "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Matsushita Elec. Indus. Co. v. United States, 750 F.2d 927, 933 (Fed. Cir. 1984) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 299 (1938)). Whether the Board has jurisdiction to adjudicate a particular appeal is a question of law, which this court reviews without deference. Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1277 (Fed. Cir. 1999).

On appeal, Thompson contends that the Board either misunderstood or failed to consider several significant facts that support her claims, including the alleged harassment and discriminatory treatment by Gregorie and others. She, however, does not assert any particular error of law or procedure by the Board, nor have we discerned any such error ourselves. Moreover, the Board's credibility determinations and the fact that Thompson's disclosures were not

made to anyone in a position to remedy her complaints are supported by substantial evidence.

Thompson did appear before this Court to indicate how she had been mistreated and how her claims were ignored within the agency. These are all fact questions, however, and an appellate court is not in a position to appraise the soundness of these assertions. Our role is to ascertain whether there was an amount of evidence upon which a reasonable fact-finder could arrive at its decision, and here there was. Accordingly, we affirm the decision of the Board. No costs.