NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN TOD BASEDEN,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

**DEPARTMENT OF THE NAVY,**
*Intervenor*

---

2015-3069

---

Petition for review of the Merit Systems Protection Board in No. DC-3443-14-0468-I-1.

---

Decided: October 14, 2015

---

STEVEN TOD BASEDEN, FPO, AE, pro se.

CALVIN M. MORROW, Office of the General Counsel, Merit Systems Protection Board, Washington, DC, for respondent. Also represented by BRYAN G. POLISUK.

DANIEL KENNETH GREENE, Commercial Litigation Branch, Civil Division, United States Department of

Justice, Washington, DC, for intervenor. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., REGINALD T. BLADES, JR.

————————————

Before O'MALLEY, REYNA, and CHEN, *Circuit Judges.*

PER CURIAM.

Appellant Steven Tod Baseden ("Mr. Baseden") appeals the December 4, 2014 decision of the Merit Systems Protection Board ("MSPB" or "the Board") dismissing Mr. Baseden's appeal for lack of jurisdiction. *Baseden v. Dep't of Navy*, No. DC-3443-14-0468-I-1, 2014 WL 6879130 (M.S.P.B. Dec. 4, 2014) ("*Final Decision*"). For the below reasons, we *affirm*.

## BACKGROUND

On October 18, 2013, the Navy issued a job announcement in order to recruit a GS (General Schedule)-12 civil engineer to be stationed at Naval Station Guantanamo Bay, Cuba. On November 25, 2013, after considering a list of eligible candidates, Mr. Baseden received an email from Navy personnel tentatively offering him the position. Mr. Baseden was previously employed by the Department of Indian Affairs (DIA) until he resigned in 2004. At the time of his resignation, he was compensated at the GS-12, Step 5 level.

The position the Navy tentatively offered Mr. Baseden, however, was for an appointment at GS-12, Step 1. Mr. Baseden accepted the offer, but requested he be reinstated at his previous paygrade, GS-12, Step 5. He did not make his acceptance conditional on this request, however. On January 22, 2014, the agency sent Mr. Baseden an SF (Standard Form)-50, indicating that it had appointed him to the position of Civil Engineer at the GS-12, Step 1 level.

Mr. Baseden filed an appeal with the MSPB on February 21, 2014, alleging that the agency demoted him from a GS-12, Step 5 position to a GS-12, Step 1 position in February 2014. *Baseden v. Navy*, No. DC-3443-14-0468-I-1, 2014 WL 1516346 (Apr. 17, 2014). Because the Board believed it lacked jurisdiction, it issued a show cause order on February 27, 2014. Mr. Baseden responded that same day, alleging that he was "classified as a GS-0810-12-5 employee in Dec 2013, went on the payroll in Jan 2014 at the agreed to GS-0810-12-5 and then was notified in February 2014 that he was being demoted from step 5 to step 1." *Id.* In support of his claim, Mr. Baseden submitted a rotation agreement, with his signature, dated December 11, 2013, classifying Mr. Baseden as an "employee" and selecting him for a GS-12, Step 5 Civil Engineer position. *Final Decision*, 2014 WL 6879130 at ¶ 3.

For its part, the agency responded to the show cause order by alleging the Board lacked jurisdiction over the appeal because Mr. Baseden did not meet the definition of an "employee" under 5 U.S.C. § 7511(a), and because there was no appealable action as Mr. Baseden never suffered a reduction in pay. The agency adduced evidence, in the form of an SF-50, that it had appointed him to the position of Civil Engineer at the GS-12, Step 1 level effective January 22, 2014, contradicting Mr. Baseden's allegation that he had been appointed at the GS-12, Step 5 level.

The Administrative Judge ("AJ") issued an initial decision dismissing the appeal for lack of jurisdiction. The AJ found that Mr. Baseden could not establish that he was an employee within the meaning of 5 U.S.C. § 7511(a). The AJ further found that, even if Mr. Baseden could qualify as an employee, he failed to make a nonfrivolous allegation that he suffered a reduction in pay.

Mr. Baseden filed a petition for review of the initial decision. The Board denied that petition and affirmed its

initial decision that it lacked jurisdiction over Mr. Baseden's reduction in pay claim because Mr. Baseden was not an employee within the meaning of 5 U.S.C. § 7511. The Board went on to note, however, that, had Mr. Baseden established jurisdiction, his reliance on the rotation agreement would constitute a nonfrivolous allegation that he suffered a loss in pay.

DISCUSSION

A. Standard of Review

Whether the Board has jurisdiction to hear an appeal is a question of law reviewed de novo. *Diefenderfer v. Merit Sys. Prot. Bd.*, 194 F.3d 1275, 1277 (Fed. Cir. 1999). The Board's jurisdiction is limited to those actions specifically granted by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); *Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1374 (Fed. Cir. 2003). The petitioner bears the burden to establish jurisdiction. *See, e.g.*, *McCormick v. Dep't of the Air Force*, 307 F.3d 1339, 1340 (Fed. Cir. 2002). To satisfy this burden, a petition must put forward a nonfrivolous allegation of Board jurisdiction. Nonfrivolous allegations are allegations of fact that, if proven, could demonstrate the Board's jurisdiction over the matter at hand. *Walker v. Department of the Army*, 119 M.S.P.R. 391, ¶ 6 n.2 (2013).

We review MSPB decisions under the standards established by 5 U.S.C. § 7703. *U.S. Postal Serv. v. Gregory*, 534 U.S. 1, 6–7, 122 S.Ct. 431, 151 L.Ed.2d 323 (2001). We set aside MSPB's actions, findings, or conclusions if they are:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

> (2) obtained without procedures required by law, rule, or regulation having been followed; or

> (3) unsupported by substantial evidence . . . .

5 U.S.C. § 7703(c). Arbitrary and capricious review is "extremely narrow." *Gregory*, 534 U.S. at 6–7. Under this standard, the MSPB receives "wide latitude" and "[i]t is not for the Federal Circuit to substitute its own judgment for that of the Board." *Id.* at 7.

## B. Analysis

"The jurisdiction of the MSPB is not plenary but is limited to those actions which are made appealable to it by law, rule, or regulation." *Maddox v. Merit Sys. Prot. Bd.*, 759 F.2d 9, 10 (Fed. Cir. 1985); *see also Goines v. Merit Sys. Prot. Bd.*, 258 F.3d 1289, 1294 (Fed. Cir. 2001); *Meeker v. Merit Sys. Prot. Bd.*, 319 F.3d 1368, 1374 (Fed. Cir. 2003).

5 U.S.C. § 7513 states that "[a]n employee against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board . . . ." Mr. Baseden argues that the Board has jurisdiction over his alleged reduction in pay. Mr. Baseden does not, however qualify as an employee under the statutory guideline.

In the competitive service, an employee is an individual either: (1) who is not serving a probationary or trial period under an initial appointment, or (2) who has completed 1 year of current continuous service under other than a temporary appointment limited to 1 year or less. 5 U.S.C. § 7511(a)(1)(A).

If an individual has not served a full year under his appointment—which Mr. Baseden had not as of the time his appeal was dismissed—he can nevertheless demonstrate that he is no longer a probationer by tacking on prior service if: (1) the prior service was rendered immediately preceding the probationary appointment; (2) it was performed in the same agency; (3) it was performed in the same line of work; and (4) it was completed with no more than one break in service of less than 30 days.

*Henderson v. Dep't of Treasury*, 114 M.S.P.R. 149, ¶ 10 (2010).

The Board found that on the date of the alleged reduction in pay—February 3, 2014—Mr. Baseden was a probationary employee in the competitive service. "[T]he appellant was appointed to a career conditional position in the competitive service, effective January 22, 2014, that was subject to the completion of a 1-year probationary period, which commenced that day." *Final Decision*, 2014 WL 6879130 at ¶ 7. Before being appointed, there was a 10-year break in Mr. Baseden's service between 2004 and 2014. Mr. Baseden is, therefore, a probationer and not an employee.

In response, Mr. Baseden argues that his appointment was unlawful. Because he was never properly appointed, he remains an applicant and not an employee. Applicants, however, are not entitled to appeal reduction in pay claims to the Board. 5 U.S.C. § 7513 states that "[a]n *employee* against whom an action is taken under this section is entitled to appeal to the Merit Systems Protection Board . . . ." (emphasis added).

In a final effort to establish jurisdiction, Mr. Baseden argues that he was reinstated rather than appointed. *See* 5 U.S.C. § 7511(a)(1)(A)(i) (an employee is one who "is not serving a probationary or trial period under an initial appointment"). In support of this, Mr. Baseden points to the rotation agreement, which notes in handwriting at the bottom: "N/A — Reinstatement to Fed govt." Interpreting this in the light most favorable to the petitioner, however, Mr. Baseden still fails to establish jurisdiction. A conclusory statement from petitioner that a handwritten statement on a rotation agreement is sufficient to affect reinstatement is insufficient. A rotation agreement provides a Department of Defense (DOD) employee who is rotating to a foreign duty station with notice of his or her return rights to the position that the employee held just

prior to rotating as well as notice of any restrictions on his or her overseas employment. 10 U.S.C. § 1586. Mr. Baseden's rotation agreement was issued to indicate that he did not have return rights. The Board found no basis to conclude that, because reinstatement was mentioned in the rotation agreement, Mr. Baseden was reinstated rather than appointed. *Final Decision*, 2014 WL 6879130 at ¶ 9. Rather, the Board concluded that the evidence showed that Mr. Baseden "was appointed from a list of eligible and not reinstated." *Id.* Such a decision was within the agency's discretion in determining how to fill vacancies in the competitive service.

"An agency may fill a vacancy in the competitive service by any method authorized in this chapter, including *competitive appointment from a list of eligibles*, noncompetitive appointment under special authority, *reinstatement*, transfer, reassignment, change to lower grade, or promotion." 5 C.F.R. § 330.102 (emphasis added). In this case, the agency produced documentary evidence that Mr. Baseden was selected from a list of eligibles, including the SF-50 from January 22, 2014. Mr. Baseden incorrectly contends that an ambiguous, handwritten notation on a rotation agreement constitutes sufficient evidence to create a prima facie case of jurisdiction. We disagree.

On this record, because Mr. Baseden did not put forward a nonfrivolous allegation of Board jurisdiction, the Board's decision dismissing his case for lack of jurisdiction is correct. We agree with the Board that Mr. Baseden is not an employee within the meaning of 5 U.S.C. § 7511 and affirm its final decision dismissing the matter.[1]

---

[1] The Department of the Navy, as intervenor, asks us to correct an alleged error committed by the Board. Namely, the Board's conclusion that, if Mr. Baseden was found to be an employee in the relevant sense, the Board

CONCLUSION

For the foregoing reasons, and because we find Mr. Baseden's remaining arguments are without merit, we affirm the judgment of the Merit Systems Protection Board.

**AFFIRMED**

---

would have jurisdiction because the rotation agreement could form the basis of a nonfrivolous allegation that Mr. Baseden has "suffered a demonstrable loss in pay." We decline to do so in light of our determination that the Board lacks jurisdiction over Mr. Baseden's claims.