# United States Court of Appeals for the Federal Circuit

03-3300

CAROL CZARKOWSKI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

Joseph J. Jablonski, Jr., of Arlington, Virginia, argued for petitioner.

Joyce G. Friedman, Attorney, Office of the General Counsel, United States Merit Systems Protection Board, of Washington, DC, argued for respondent. With her on the brief were Martha B. Schneider, General Counsel, and Stephanie M. Conley, Reviewing Attorney.

Appealed from:    United States Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

03-3300

CAROL CZARKOWSKI,

Petitioner,

v.

MERIT SYSTEMS PROTECTION BOARD,

Respondent.

_____

DECIDED:  November 8, 2004

_____


Before CLEVENGER, RADER and DYK, Circuit Judges.

CLEVENGER, Circuit Judge.

Carol Czarkowski appeals the decision of the Merit Systems Protection Board ("Board") dismissing her claim under the Whistleblower Protection Act ("WPA") for lack of jurisdiction.  Czarkowski v. Dep't of the Navy, 93 M.S.P.R. 514 (2003).  Because the Board incorrectly interpreted and applied the governing law, we reverse and remand for further proceedings.

I

Ms. Czarkowski was employed as a Supervisory Contracts Specialist with the Department of the Navy's ("agency's") Office of Special Projects ("OSP") under a Schedule A appointment in the excepted service pursuant to 5 C.F.R. § 213.3106(d)(1).

Her position included dealing with classified contracts of large dollar amounts and was subject to a periodic Security Background Investigation. During the course of her employment in 1997, the agency removed her supervisory responsibilities and placed her on a performance improvement plan. She believed these personnel actions were taken in reprisal for protected whistleblower disclosures she had made to her supervisor.

After an initial complaint to the Office of Special Counsel on May 24, 1999, Ms. Czarkowski filed an Individual Right of Action ("IRA") with the Board against the agency alleging retaliation for disclosures protected by 5 U.S.C. § 2302(b)(8). The Administrative Judge ("AJ") dismissed Ms. Czarkowski's case on December 3, 1999, finding that she had not made a protected disclosure under the WPA. On initial appeal, the Board found that Ms. Czarkowski had made a nonfrivolous allegation of a protected disclosure and remanded the case to the AJ for further proceedings. The agency moved to dismiss, arguing that the Board did not have jurisdiction over Ms. Czarkowski's IRA appeal because the OSP was exempt from Board jurisdiction under 5 U.S.C. § 2302(a)(2)(C)(ii), a statute that denies the Board jurisdiction over IRA appeals involving certain agencies.

Some employees in sensitive agency units have been exempted from Board appeal rights under section 2302(a)(2)(C) of the WPA. The exemptions are found in the definition of agency, which delineates the agencies that are not covered by the WPA:

> (C) "agency" means an Executive agency and the Government Printing Office, but does not include—
>     (i) a Government corporation, except in the case of an alleged prohibited personnel practice described under subsection (b)(8);
>     (ii) the Federal Bureau of Investigation, the Central Intelligence Agency, the Defense Intelligence Agency, the National Imagery and

Mapping Agency, the National Security Agency, and, <u>as determined by the President, any Executive agency or unit thereof the principal function of which is the conduct of foreign intelligence or counterintelligence activities;</u> or
    (iii) the General Accounting Office.

5 U.S.C. § 2302(a)(2)(C) (2000) (emphasis added).

On February 14, 2001, the AJ agreed with the agency and dismissed the case on jurisdictional grounds. The AJ found that Executive Order 12,333, 46 Fed. Reg. 59941 (Dec. 4, 1981), provided the Department of Defense the authorization to use the agency in foreign intelligence and counterintelligence activities and provided the agency authority to implement intelligence directives. The AJ further found that the Director of the Office of Naval Intelligence had authorized the Naval Supply Systems Command ("NAVSUP") to use the Schedule A appointing authority under 5 C.F.R § 213.3106(d)(1) for positions assigned to intelligence functions. Based upon these findings, the AJ found that Ms. Czarkowski, a Schedule A contract employee for OSP in NAVSUP, worked within the agency intelligence organization and as such, the statutory requirement for a presidential determination, as the AJ understood the WPA, was satisfied. The AJ thus concluded that Ms. Czarkowski was not an employee that is eligible to file an IRA appeal with the Board.

Ms. Czarkowski again appealed to the full Board where the Board upheld the dismissal of her case on jurisdictional grounds. Noting that Ms. Czarkowski did not present any evidence contradicting the OSP's intelligence function and the delegation of this function by the President through Executive Order 12,333, the Board found that an employee of the Contracts Directorate of the OSP was ineligible to bring an IRA appeal

03-3300                                    3

and was exempt under the WPA. After the Board dismissed the appeal for lack of jurisdiction, Ms. Czarkowski timely appealed to this court where the case was recaptioned to reflect the Board's interest. We have jurisdiction over this appeal pursuant to 5 U.S.C. § 7703(b)(1) (2000) and 28 U.S.C. § 1295(a)(9) (2000).

II

Questions of law and determinations of jurisdiction are reviewed without deference by this court. Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1277 (Fed. Cir. 1999). The Board has jurisdiction over only those actions which are made appealable to it by law, rule, or regulation. 5 U.S.C. §§ 1205(a)(1), 7701(a) (2000); Maddox v. Merit Sys. Prot. Bd., 759 F.2d 9, 10 (Fed. Cir. 1985). The burden of proving that an appeal can be taken to the Board is on the petitioner who must show by a preponderance of the evidence that jurisdiction is proper. 5 C.F.R. § 1201.56(a)(2) (2004); see Monasteri v. Merit Sys. Prot. Bd., 232 F.3d 1376, 1378 (Fed. Cir. 2000); Link v. Dep't of the Treasury, 51 F.3d 1577, 1581 (Fed. Cir. 1995).

III

The question before this court is whether the OSP has been "determined by the President" to be an executive agency or unit thereof "the principal function of which is the conduct of foreign intelligence or counterintelligence activities," as specified in 5 U.S.C. § 2302(a)(2)(C)(ii). The record in this case reveals without dispute that the President, or his lawful delegate, has not made an actual determination expressly naming Ms. Czarkowski's unit as an exempt agency under section 2302(a)(2)(C)(ii). The Board held that an agency or unit thereof could be deemed one so "determined by the President" even without an express actual determination having been made. The

Board held that documentary evidence showing Presidential delegation of authority to conduct foreign intelligence activities to an agency, coupled with other evidence such as appointments under Schedule A, could suffice to permit the Board to make a decision that a particular agency or unit thereof had been determined by the President to have as its principal function the conduct of foreign intelligence or counterintelligence activities.

On appeal, the agency defends the rationale of the Board, arguing that express action by the President identifying a particular agency pursuant to section 2302(a)(2)(C)(ii) is unnecessary to exempt an agency from Board review in WPA cases, and urges us to accept the Board's rationale and analysis of the documentary record. Ms. Czarkowski argues that even under the Board's rationale, she should prevail, since in her view the facts of her case cannot be distinguished from the facts in Lewark v. Department of Defense, 91 M.S.P.R. 252 (2002), a case in which the Board concluded that the documentary evidence failed to demonstrate the requisite Presidential determination. Ms. Czarkowski also argues frontally against the agency's theory of the case, asserting that an agency cannot "earn" exemption from Board review for itself by reference to documentary evidence of its scope of authority. Instead, Ms. Czarkowski asserts that the statute in suit is clear: exemption from Board authority exists only with respect to the agencies expressly named by Congress in the relevant statute and such other agencies or units thereof that have been expressly determined by the President, or his lawful delegate, to have as their principal function the statutorily specified intelligence activities. Ms. Czarkowski forwards her interpretation of the statute as harmonious with sound policy that enables the President himself, not the Board, to determine which agencies should be shielded from the full scope of WPA review before

the Board. She also argues that actual express determination by the President of exempt units will better afford the employees of those units notice of the extent of their appeal rights to the Board.

## IV

On its face, the statute requires that an exemption from section 2302(a)(2)(C)(ii) must be "determined by the President." 5 U.S.C. § 2302(a)(2)(C)(ii). In order to exempt an agency's employees from WPA review rights before the Board, the President, or his lawful delegate, must decide that the agency has as its principal function the conduct of foreign intelligence activities. Many agencies have some authority to conduct foreign intelligence activities, and do so. The statute assigns to the President the task of identifying which agencies meet the "principal function" test. This surely is a delicate call in some circumstances, and it certainly is a call that Congress has left to the President or his delegate. The statutory language does not suggest that the Board can effectively make a determination for the President by reviewing documentary evidence that may suggest an agency has been determined to have the principal function of conducting foreign intelligence or counterintelligence activities. Documents that suggest to the Board that a Presidential determination should or could have been made cannot stand as a proxy for an actual Presidential determination that references the statute. The burden is on the agency to show that the President, or his delegate, has explicitly exempted an agency or unit thereof under section 2302(a)(2)(C)(ii).

The legislative history of the WPA supports the clear meaning of the statute. The legislative history indicates that it is within the President's discretion to determine which agencies are exempt from the WPA. See Mark-Up Session on S. 2640: The Civil

<u>Service Reform Act of 1973</u>, 95th Cong. 69 (1978).  This discretion is a judgment that can only be made when the President finds an agency or unit thereof is principally engaged in the specified intelligence activities.  <u>See</u> S. Rep. No. 95-969, at 18 (1978), <u>reprinted in</u> 1973 U.S.C.C.A.N. 2723, 2740.  Therefore the Board cannot impute determinations of exempted units to the President, or his delegate, by interpreting documentary evidence that may tend to show that an agency principally functions as an intelligence unit.

In further support of the requirement of explicit determination by the President, or his delegate, Congress has expressly provided all intelligence employees, including those exempted under the mechanism of section 2302(a)(2)(C)(ii), an alternate scheme for disclosing information without fear of reprisal.  <u>See</u> The Intelligence Community Whistleblower Protection Act of 1998, Pub. L. 105-272, Title VII, 112 Stat. 2413 (1998) ("ICWPA").  The ICWPA provides the intelligence community a limited right to raise urgent and serious concerns to Congress or to the appropriate Inspector General.  This act provides a voice to employees in agencies known for the conduct of intelligence activities which are statutorily denied protection under the WPA and those employees that have been exempted by presidential determination.  Section 702(b)(1)(C) of the ICWPA provides:

> (C) Any other employee of, or contractor to, an executive agency, or element or unit thereof, determined by the President under section 2302(a)(2)(C)(ii) of title 5, United States Code, to have as its principal function the conduct of foreign intelligence or counterintelligence activities, who intends to report to Congress a complaint or information with respect to an urgent concern may report the complaint or information to the appropriate Inspector General (or designee) under this Act or section 17 of the Central Intelligence Agency Act of 1949.

Id. § 702(b)(1)(C). The House Report to this act emphasizes that the President is to determine which agencies or units thereof are exempt under section 2302(a)(2)(C)(ii) and states that as of 1998 the President had "made no such determinations." See H.R. Rep. No. 105-747, Part 1, at 7 (1998).

The ICWPA further supports the clear intent of Congress that a determination made pursuant to section 2302(a)(2)(C)(ii) by the President, or his delegate, must be explicit in order to give exempted employees an opportunity to participate in the alternate whistleblowing scheme provided for exempted intelligence employees. For policy reasons, it is important that employees can determine their status under the WPA, or alternatively under the ICWPA, in order to inform their decision about how to disclose information without fear of retaliation by personnel. We do not, however, read the statute to require the President to give actual notice to each employee of each agency he has determined to have as its principal function the relevant intelligence activities. It is enough for the President, or his delegate, to make his express determinations on the public record by such means as he deems appropriate. It should not be difficult for employees of agencies that conduct substantial foreign intelligence activities to learn whether the President, or his delegate, has expressly designated their particular agency pursuant to section 2302(a)(2)(C)(ii).

V

The agency failed to demonstrate that the President, or his lawful delegate, had explicitly exempted Ms. Czarkowski's unit, the OSP, under section 2302(a)(2)(C)(ii) of the Whistleblower Protection Act from the merit systems appeal process. Without explicit exemption of her agency, Ms. Czarkowski met her burden of establishing Board

jurisdiction, and is protected by an appeal right to the Board of her claim of adverse personnel action by the agency in response to her allegedly protected disclosure. We therefore reverse the finding of the Board that Ms. Czarkowski's unit is exempt from the merit systems appeal process and remand for further adjudication of her whistleblower claim.

<u>REVERSED AND REMANDED</u>