NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3330

DALE I. WILLIAMS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:    January 17, 2006

_____

Before MICHEL, <u>Chief Judge</u>, BRYSON and DYK, <u>Circuit Judges</u>.

PER CURIAM.

Petitioner Dale I. Williams ("Williams") petitions for review of the final decision of the Merit Systems Protection Board ("Board"), affirming the decision of the Office of Personnel Management ("OPM") not to award Williams retirement service credit for time during which Williams was separated from service but did not receive disability benefits from the Office of Workers' Compensation Programs ("OWCP").  We affirm.

BACKGROUND

Williams is currently employed as a letter carrier by the United States Postal Service ("USPS").  On August 2, 1976, while working for the USPS, Williams suffered a work-related back injury.  He successfully applied for benefits from the OWCP, and began receiving compensation for wage loss for temporary total disability on September 21, 1976.  Effective November 16, 1976, Williams retired from the USPS under the disability provision of the Civil Service Retirement System, and elected to receive

OWCP benefits rather than annuity payments under the Civil Service Retirement Act ("CSRA"). OWCP terminated Williams' benefits on April 25, 1979, and he elected to receive CSRA benefits as of that date. Williams' CSRA annuity benefits were restored effective April 26, 1979.

OWCP determined that Williams failed to report income earned between April 15, 1977, and April 26, 1979; that, as a result, he was ineligible for OWCP benefits during that time; that the OWCP benefits he received during that time constituted an overpayment; and that OPM should withhold funds from Williams' CSRA annuity payments to recover the overpayment. Williams' elected to receive retroactive CSRA benefits for the period from April 15, 1977 to April 25, 1979, which OPM disbursed to Williams in a lump sum. Williams was reinstated to his position with the USPS effective March 31, 1984, and his CSRA annuity was suspended effective June 1, 1985, because of his return to work.

Williams applied for immediate retirement in February, 2002 claiming that he was entitled to retirement service credit for the period from November 17, 1976, through March 30, 1984. OPM determined that the period from November 17, 1976, through April 14, 1977, was creditable, but that the period from April 15, 1977, through March 30, 1984, was not creditable. The Board affirmed, concluding that Williams did not receive OWCP benefits from April 15, 1977, through March 16, 1984, and that only time spent receiving OWCP benefits is creditable for retirement purposes under 5 U.S.C. § 8151(a) and 5 U.S.C. § 8332(f). The Board's decision became final on June 20, 2005, and Williams timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

Williams challenges the Board's conclusion that he was not entitled to service credit for the period from April 15, 1977, to March 30, 1984, because he did not receive OWCP benefits during that time. The Board's decision must be affirmed unless it is found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule or regulation; or unsupported by substantial evidence. 5 U.S.C. § 7703(c) (2000); Yates v. Merit Sys. Prot. Bd., 145 F.3d 1480, 1483 (Fed. Cir. 1998). We review questions of law de novo. Czarkowski v. Merit Sys. Protection Bd., 390 F.3d 1347, 1349 (Fed. Cir. 2004).

An employee who receives OWCP benefits is entitled to credit for the time during which he received OWCP payments for purposes of computing CSRA retirement benefits.[1] The Board concluded that Williams did not receive OWCP benefits from April 15, 1977, the date on which Williams was no longer eligible for OWCP benefits according to the OWCP's determination, to April 25, 1979, the date on which Williams' OWCP benefits were terminated. The Board also concluded that the evidence showed that Williams did not receive OWCP benefits from April 25, 1979, to March 30, 1985, the date on which Williams returned to service. The Board's conclusions are in accordance with law and supported by substantial evidence.

---

[1] 5 U.S.C. § 8151(a) (2000) (chapter governing OWCP benefits; providing that "the entire time during which the employee was receiving compensation under this chapter shall be credited to the employee for purposes of . . . rights and benefits based upon length of service"); 5 U.S.C. § 8332(f) (2000) (chapter governing CSRA annuity benefits; providing that "[c]redit shall be allowed for leaves of absence without pay granted an employee . . . while receiving benefits under subchapter I of chapter 81 of this title," and that for employees returning to service, periods of separation during which OWCP benefits are received are deemed "leaves of absence without pay").

Williams nevertheless argues, as he did before the Board, that he is entitled to service credit for the entire period of his separation under 5 C.F.R. § 353.107, which provides, in pertinent part, that "an employee absent because of . . . compensable injury is generally entitled to . . . receive[] credit for the entire period of absence for purposes of rights and benefits based upon seniority and length of service. . . ." The Board concluded that "[t]his broad language cannot be relied on to award appellant service credit . . . in light of the clear language of 5 U.S.C. § 8151(a) and 8332(f) that an employee who has returned to work following recovery from a compensable injury is entitled to service credit only for the period of time that he was in receipt of OWCP benefits." Williams v. Office of Pers. Mgmt., No. DE-0831-03-0448-I-1, slip op. at 7 (June 20, 2005). We do not agree that the statutory provisions on which the Board relied preclude retirement credit for the period that an employee receives CSRA disability benefits. However, the regulation cannot be read to require retirement credit for any period other than that during which the employee receives OWCP benefits. The regulations define "injury" for the purposes of the subchapter as "a compensable injury sustained under the provisions of 5 U.S.C. chapter 81, subchapter 1 . . . ." 5 C.F.R. § 353.102.[2] Those referenced statutory provisions only provide for OWCP benefits. The Board's conclusion is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

---

[2] See also 5 C.F.R. § 353.101 ("The rights and obligations of employees and agencies in connection with . . . restoration under 5 U.S.C. [§] 8151 for employees who sustain compensable injuries, are subject to the provisions of this part.").

CONCLUSION

Accordingly, the Board's conclusion that the petitioner was not entitled to retirement credit for the period of his separation from service during which he did not receive OWCP benefits is affirmed.

No costs.