# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ROBERT H. CONLEY,
　　　　　Appellant,

　　　　v.

DEPARTMENT OF DEFENSE,
　　　　　Agency,

　　　and

DARRIN G. SLOVANICK,
　　　　　Intervenor.

DOCKET NUMBER
SF-1221-15-0580-W-1

DATE: May 2, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Robert H. Conley</u>, Puyallup, Washington, pro se.

<u>Roland D. Meisner</u>, Quantico, Virginia, for the agency.

## BEFORE

Raymon A. Limon, Vice Chair
Tristan L. Leavitt, Member

## FINAL ORDER

¶1　　　The agency has filed a petition for review and the appellant has filed a cross petition for review of the initial decision, which granted in part and denied in part

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the appellant's request for corrective action in this individual right of action (IRA) appeal.  Generally, we grant petitions such as these only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that neither party has established any basis under section 1201.115 for granting the petition or cross petition for review.  Therefore, we DENY the petition for review and the cross petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2          The appellant was formerly employed as an Industrial Security Specialist with the agency's Defense Security Service.  Initial Appeal File (IAF), Tab 16 at 33.  On May 26, 2015, he filed an IRA appeal alleging that, in reprisal for protected disclosures he made concerning mishandling of classified materials by a contractor and agency officials failing to take corrective action and/or attempting to cover it up, the agency subjected him to numerous personnel actions, including (1) forcing him to forfeit his leave in 2010; (2) significantly changing his job duties; (3) placing him on administrative leave on July 13, 2012; (4) suspending him without pay for 5 days in October 2012; (5) subjecting him to a hostile work environment; (6) denying him promotions; and (7) forcing him to retire, effective March 29, 2013.  IAF, Tabs 1, 8, 54.

¶3      After holding the appellant's requested hearing, the administrative judge granted corrective action regarding the appellant's claims concerning his leave denial and significant change in duties.  IAF, Tab 86, Initial Decision (ID) at 23-28.  The administrative judge denied corrective action on the remainder of the appellant's claims.  Regarding the appellant's placement on administrative leave and suspension, the administrative judge found that the agency proved by clear and convincing evidence that it would have taken such actions absent the appellant's protected disclosures.  ID at 28-34.  Regarding the appellant's hostile work environment and retirement claims, the administrative judge found that the appellant failed to prove that these actions amounted to personnel actions.  ID at 34-42.  Regarding the appellant's denial of promotions, the administrative judge found that he failed to prove that his protected disclosures were a contributing factor in his nonselections for certain positions.  ID at 34.

¶4      The agency has filed a petition for review, the appellant has filed a cross petition for review, and the parties have filed responses.  Petition for Review (PFR) File, Tabs 1, 3, 5-6.

## DISCUSSION OF ARGUMENTS ON REVIEW

**The administrative judge properly denied the agency's motion to dismiss the appeal for lack of jurisdiction.**

¶5      The administrative judge denied the agency's motion to dismiss the appeal for lack of jurisdiction, finding that the agency was not exempt from the provisions of the Whistleblower Protection Act under 5 U.S.C. § 2302(a)(2)(C), which exempts certain named agencies as well as executive agencies or units thereof that have been determined by the President to have a principal function of conducting foreign intelligence or counterintelligence activities.[2]  ID at 2 n.1.  On review, the agency argues that the administrative judge misconstrued its argument

---

[2] Although some of the alleged retaliatory actions occurred after the effective date of the WPEA, Pub. L. No. 112-199, 126 Stat. 1465, the changes in the provisions of the WPEA do not affect our analysis.

and that it never argued that it was an exempt agency. PFR File, Tab 1 at 5. Rather, the agency contends that "because the [a]ppellant has neither Chapter 75 or Chapter 43 appellate rights that he could have otherwise acquired after serving a probationary or trial period if he had been a preference eligible employee, then he has no IRA appellate rights because there is no independent statutory basis for IRA appellate jurisdiction." *Id.* The agency's jurisdictional arguments are somewhat unclear. IAF, Tab 16; PFR File, Tab 1 at 4-7. However, to the extent the agency is arguing that the appellant is not entitled to bring an IRA appeal because he was appointed under 10 U.S.C. § 1601, *id.* at 7, such an argument is unavailing.[3]

¶6      The Board has held that employees appointed under laws exempting their appointment from the application of the civil service laws are not necessarily precluded from bringing an IRA appeal. *See Fishbein v. Department of Health & Human Services*, 102 M.S.P.R. 4, ¶¶ 9-16 (2006) (finding that the appellant's appointment under 42 U.S.C. § 209(f), which provides that special "consultants may be appointed without regard to the civil-service laws," did not preclude him from bringing an IRA appeal based on his termination if he otherwise met the statutory requirements for doing so). Rather, the right to appeal to the Board alleging a violation of 5 U.S.C. § 2302(b)(8) derives from 5 U.S.C. § 1221(a), which provides a right to seek corrective action from the Board to "an employee, former employee, or applicant for employment." *Fishbein*, 102 M.S.P.R. 4, ¶ 11. To be an employee under section 1221(a), an individual must meet the definition of employee under 5 U.S.C. § 2105. *Id.*, ¶ 12. Under 5 U.S.C. § 2105(a), an "employee" is: (1) an officer and an individual who is appointed in the civil service by one of the types of individuals enumerated in the statute acting in their official capacity; (2) engaged in the performance of a Federal function under

---

[3] Under 10 U.S.C. § 1601, the Secretary of Defense has the authority to establish certain defense intelligence positions "without regard to the provisions of any other law relating to the appointment, number, classification, or compensation of employees."

authority of law or an Executive act; and (3) subject to the supervision of an authorized official while engaged in the performance of the duties of his position. The "civil service" is defined as "all appointive positions in the executive, judicial, and legislative branches of the Government of the United States, except positions in the uniformed services." 5 U.S.C. § 2101(1). Based on the record, it appears that the appellant meets the definition of an employee.[4] IAF, Tab 16 at 33-36; Tab 18 at 7-49; ID at 2-3, 7-8; *see Fishbein*, 102 M.S.P.R. 4, ¶ 13.

¶7    The agency also argues that, in denying its motion to dismiss, the administrative judge improperly relied upon *Czarkowski v. Merit Systems Protection Board*, 390 F.3d 1347 (Fed. Cir. 2004), because—in contrast to the appellant's appointment under 10 U.S.C. § 1601—the appellant in *Czarkowski* was appointed under a title 5 excepted-service appointment. PFR File, Tab 5 at 6. The agency misinterprets the administrative judge's findings and conflates an agency's exemption under section 2302(a)(2)(C) with an employee's entitlement to bring an IRA appeal, which requires that he meet the definition of employee under section 2105. The administrative judge cited to *Czarkowski* in support of her finding that the agency was not exempt under section 2302(a)(2)(C) because it was not named in the statute and there was no showing that the President had determined that the principal function of the appellant's unit was conducting foreign intelligence or counterintelligence activities. ID at 2 n.1. We discern no error in the administrative judge's analysis. *Czarkowsk* addressed whether a particular agency was exempt under 5 U.S.C. § 2302(a)(2)(C)(ii), not whether the appellant was an employee entitled to bring an IRA appeal. Here, the agency is not arguing that the administrative judge erred in finding that it was not an exempt agency. PFR File, Tab 1 at 5.

[4] The agency did not argue below and does not argue on review that the appellant fails to meet the definition of an employee. Additionally, in response to the Board's Order to Submit Evidence and Argument on this jurisdictional issue, PFR File, Tab 7, the parties did not provide any evidence or argument suggesting that the appellant is not an employee, PFR File, Tabs 8-9.

The agency's remaining arguments do not provide a basis for reversal.

¶8        In its petition for review, the agency disputes the administrative judge's finding that the appellant suffered a personnel action when he lost 106 hours of leave after being denied use or lose leave.  PFR File, Tab 1 at 7-8.  The agency contends that there is no evidence, such as leave or earnings statements, in the record to support the appellant's testimony.  *Id.*  The agency further disputes the appellant's calculation of the number of hours of leave he lost.  *Id.*  However, the agency failed to dispute that the appellant suffered a personnel action or raise such arguments below.  Thus, we decline to consider them for the first time on review.  *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (stating that the Board will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

¶9        In any event, the administrative judge credited the appellant's testimony, which is corroborated by a contemporaneous email, that the agency denied his leave request, and noted that the agency witnesses did not provide any testimony contradicting the appellant's credible testimony surrounding the cancellation of his leave in 2010.  ID at 26.  Thus, the agency's arguments constitute mere disagreement with the administrative judge's credibility findings and do not provide a basis for reversal.  *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (stating that the Board will defer to an administrative judge's credibility findings and will not grant a petition for review based on a party's mere disagreement with those findings); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

¶10       The agency further disputes the administrative judge's finding that K.H., the Regional Director who made the decision to deny the appellant's leave request, had a motive to retaliate.  PFR File, Tab 1 at 8-9.  The administrative judge found that Regional Director K.H., as a high-level manager in the appellant's chain of command, had some motive to retaliate based on the

appellant's continued protected disclosures. ID at 27. The agency argues that such a finding was erroneous because Regional Director K.H. had nothing to do with, and was not at the agency at the time of, the appellant's alleged whistleblowing. PFR File, Tab 1 at 9. However, the administrative judge acknowledged that Regional Director K.H. was not with the agency when the appellant worked there the first time and initially made his protected disclosures, but found that the appellant continued to make protected disclosures after he was rehired in February 2008, and after Regional Director K.H. was hired in April 2009.[5] ID at 27.

¶11     The Board and our reviewing court have found a motive to retaliate exists on the part of high-ranking officials, even if they were not directly implicated by an appellant's disclosures, when such disclosures reflect poorly on the agency. *See, e.g.*, *Robinson v. Department of Veterans Affairs*, 923 F.3d 1004, 1019 (Fed. Cir. 2019) (finding that, although the deciding official did not have a personal motive to retaliate against the appellant for contradicting an agency Under Secretary, the Board's administrative judge erred by failing to consider whether he had a "professional retaliatory motive" against the appellant because his disclosures "implicated the capabilities, performance, and veracity of [agency] managers and employees, and implied that the [agency] deceived [a] Senate Committee"); *Chambers v. Department of the Interior*, 116 M.S.P.R. 17, ¶ 69 (2011) (finding motive to retaliate because the appellant's disclosures reflected on the responsible agency officials as representatives of the agency's general institutional interests); *Phillips v. Department of Transportation*, 113 M.S.P.R. 73, ¶ 23 (2010) (finding that comments generally critical of the agency's leadership would reflect poorly on officials responsible for monitoring the performance of the field staff and making sure that agency regulations are carried

---

[5] For example, as late as July or August 2009, the appellant continued to raise the issues related to the mishandling of classified materials by a contracting agency in a letter to the agency's Inspector General. ID at 10; IAF, Tab 8 at 10, Tab 10 at 142.

out correctly and consistently). Thus, we discern no error in the administrative judge's analysis.

¶12    Next, the agency also argues that the administrative judge erred in finding that it retaliated against the appellant when it significantly changed his job duties by removing him from oversight duties involving the Boeing Corporation in or around September 2008. PFR File, Tab 1 at 9-10. The administrative judge found that the agency failed to prove by clear and convincing evidence that it would have removed the appellant's Boeing duties absent his protected disclosures. ID at 24-26. In particular, the administrative judge found that the agency's evidence in support of removing such duties was weak. ID at 24. She found that Regional Director J.W. made the decision to relieve the appellant from such duties, and based on his testimony, he was unable to adequately explain his rationale and offered inconsistent explanations. *Id.* She further credited testimony of the appellant's former supervisor that Regional Director J.W. instructed him to remove the appellant from Boeing work but refused to explain why. *Id.*

¶13    On review, the agency argues, without citation to any evidence, that Regional Director J.W. removed the appellant from overseeing Boeing at the urging of a Defense Criminal Investigative Service Special Agent (Special Agent). PFR File, Tab 1 at 9. Thus, the agency contends that the Special Agent was a necessary witness and it was prejudiced by the administrative judge's refusal to issue a subpoena to the agency to compel his attendance at the hearing. *Id.* The record reflects that the administrative judge denied the Special Agent as a witness for the agency because she found that his testimony would be of only limited relevance to the issues before her and because he recently had failed to comply with a subpoena to attend his deposition, which prevented the appellant from discovering his anticipated testimony. IAF, Tab 54 at 1.

¶14    We find that the denial of the Special Agent as a witness was not prejudicial to the agency. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282

(1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision). The agency had the opportunity to question Regional Director J.W. to elicit testimony concerning his involvement or lack thereof in the decision to remove the appellant from his Boeing oversight duties and to discuss any conversation he had with the Special Agent or the Special Agent's alleged urging of him to remove the appellant from such duties.[6] The agency's failure to elicit such testimony does not render the Special Agent an essential witness or establish that the administrative judge abused her discretion in denying him as a witness. Further, Regional Director J.W. did not testify that he did not make the decision to remove the appellant's Boeing duties, IAF, Tab 40, and the agency counsel's bare allegation on review that the Special Agent urged Regional Director J.W. to remove the appellant from such duties does not constitute evidence, PFR File, Tab 1 at 9; *see Pupis v. U.S. Postal Service*, 105 M.S.P.R. 1, ¶ 5 (2007) (stating that the statements of a party's representative in a pleading do not constitute evidence).

The administrative judge properly found that the appellant failed to prove that his retirement amounted to a personnel action.

¶15    Although a decision to resign or retire is presumed to be voluntary and outside of the Board's jurisdiction, *Putnam v. Department of Homeland Security*, 121 M.S.P.R. 532, ¶ 21 (2014), an involuntary resignation or retirement may constitute an appealable personnel action in an IRA appeal, *Colbert v. Department of Veterans Affairs*, 121 M.S.P.R. 677, ¶ 12 (2014). An appellant who claims that his retirement was involuntary may rebut the presumption of voluntariness in a variety of ways, including by showing that the retirement was the result of objectively intolerable working conditions resulting from improper acts of the agency. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111,

---

[6] The parties agreed that Regional Director J.W.'s deposition would be used in lieu of his live testimony at the hearing. IAF, Tab 46 at 8.

1121 (Fed. Cir. 2013), *abrogated on other grounds by Perry v. Merit Systems Protection Board*, 582 U.S. ____ , [137 S. Ct. 1975](#) (2017).

¶16      Here, the administrative judge found that the appellant failed to prove that he lacked a meaningful choice whether to retire due to improper actions of the agency.  She found that the incidents that occurred from 2002 to 2011 were years before the appellant's March 29, 2013 retirement and thus, not particularly probative regarding the voluntariness of his decision to retire.  ID at 39.  She found that the events that occurred in 2012 and early 2013 were most probative. *Id.*  Considering such events, she found that the interactions between the appellant and his managers in the year before his retirement, such as his 5-day suspension in October 2012, would not have caused a reasonable person to retire. *Id.* at 39-40.  Rather, she found that the appellant retired in large part because he felt that if he did not retire, the agency would eventually remove him on what he considered meritless charges.  *Id.* at 40.  Nonetheless, she found that the following facts weighed heavily against a finding of coercion:  (1) the appellant took a month of leave in December 2012, just prior to his retirement; (2) he had accepted a position outside of the agency, which began on April 1, 2013; and (3) he was not facing any proposed or pending adverse action at the time he made his decision to retire.  *Id.* at 41.

¶17      On review, the appellant contends that the administrative judge erred in finding that he failed to prove that his retirement was involuntary.  PFR File, Tab 3 at 2-5.  He asserts that the administrative judge failed to consider that he chose to retire rather than face what he believed was an imminent discharge resulting in a loss of his retirement benefits.  *Id.* at 4.  He argues that, had the administrative judge considered this, it would have resulted in a finding that the agency misinformed or deceived him and failed to correct this misunderstanding to the point at which he was so fearful of termination that he was forced to retire. *Id.*  The administrative judge, however, did consider such arguments below.  She found that the appellant's belief that he would lose his retirement benefits was

erroneous and that a removal would have not have affected his ability to retire and receive an annuity. ID at 40. She further found that the appellant failed to show that any agency official provided him with such misinformation and therefore any reliance he may have had on such a belief was not due to agency misinformation. ID at 40-41. Therefore, we find that the appellant's arguments on review constitute mere disagreement with the administrative judge's well-reasoned findings and do not provide a basis for reversal. *See, e.g.*, *Crosby*, 74 M.S.P.R. at 105-06 (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton*, 33 M.S.P.R. at 359 (same).

¶18    Accordingly, we affirm the initial decision.

## ORDER

¶19    Because the appellant is no longer employed by the agency, we find that no meaningful corrective action can be ordered regarding the conclusion that the agency committed a prohibited personnel practice when it removed the appellant's duties in reprisal for his protected disclosures.

¶20    We ORDER the agency to pay the appellant for the value of the 106 hours of annual leave he forfeited in 2010, with interest, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the value of the annual leave and interest due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the value of the annual leave or interest due, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶21    We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has

taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶22 No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶23 For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

**NOTICE TO THE APPELLANT
REGARDING YOUR RIGHT TO REQUEST
CONSEQUENTIAL DAMAGES**

You may be entitled to be paid by the agency for your consequential damages, including medical costs incurred, travel expenses, and any other reasonable and foreseeable consequential damages. To be paid, you must meet the requirements set out at 5 U.S.C. §§ 1214(g) or 1221(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.204. If you believe you meet these requirements, you must file a motion for consequential damages WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion with the office that issued the initial decision on your appeal.

**NOTICE TO THE PARTIES**

A copy of the decision will be referred to the Special Counsel "to investigate and take appropriate action under [5 U.S.C.] section 1215," based on the determination that "there is reason to believe that a current employee may have committed a prohibited personnel practice" under 5 U.S.C. § 2302(b)(8) or section 2302(b)(9)(A)(i), (B), (C), or (D). 5 U.S.C. § 1221(f)(3). Please note that while any Special Counsel investigation related to this decision is pending, "no disciplinary action shall be taken against any employee for any alleged prohibited activity under investigation or for any related activity without the approval of the Special Counsel." 5 U.S.C. § 1214(f).

**NOTICE OF APPEAL RIGHTS[7]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. [5 U.S.C. § 7702](b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> P.O. Box 77960
> Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

> Office of Federal Operations
> Equal Employment Opportunity Commission
> 131 M Street, N.E.
> Suite 5SW12G
> Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under [5 U.S.C. § 2302](b)(8) or other protected activities listed in [5 U.S.C. § 2302](b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8] The court of appeals must <u>receive</u> your

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on

petition for review within **60 days** of <u>the date of issuance</u> of this decision. [5 U.S.C. § 7703](b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            _____/s/ for_____

                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE
Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts.

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion. Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE: If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases: (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.