NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

04-3293

ROGER F. O'BRIEN,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED:  December 9, 2004

_____

Before MICHEL, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Roger F. O'Brien ("O'Brien") appeals from the Merit Systems Protection Board's ("Board") affirmance of the Department of Labor's rejection of O'Brien's complaint based on the Office of Personnel Management's ("OPM") refusal to score his application for a noticed vacancy.  O'Brien v. Office of Pers. Mgmt., DC-3443-02-0807-I-1 (MSPB Mar. 26, 2004) ("Final Order").  Because O'Brien has not shown the Board's decision to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence, we affirm.

On June 25, 2002, the OPM issued a vacancy announcement for a Financial Management Specialist. The announcement limited applicants to:

Current and former Federal employees in the Washington DC Metro Area eligible for the Interagency Career Transition Assistance Program or veterans with preference eligibility or if you have been separated from the armed forces under honorable conditions after three years or more of continuous service (VEOA eligible).

O'Brien is a preference eligible veteran who resided in South Carolina. O'Brien applied for the position. On August 5, 2002, however, the OPM informed O'Brien that his application had not been scored because he was outside the geographic area of consideration. O'Brien then filed a complaint with the VETS Investigation and Compliance Division of the Department of Labor. The Department of Labor subsequently rejected his claim as lacking merit because O'Brien resided outside the geographic area specified in the announcement.

O'Brien appealed the Department of Labor's rejection to the Board. Before the Administrative Judge of the Board, O'Brien argued three issues: (1) whether OPM violated his veterans' preference rights by refusing to score his application, (2) whether OPM issued a fraudulent vacancy announcement having pre-selected the successful applicant, and (3) whether OPM improperly handled his inquiries. The Administrative Judge refused to consider the second and third issues raised by O'Brien, deeming them outside the Board's jurisdiction under 5 U.S.C. § 3330a(a)(1). O'Brien v. Office of Pers. Mgmt., DC-3443-02-0807-I-1, slip op. at 2-3 (MSPB Dec. 3, 2002) ("Initial Decision"). With respect to the first issue, the Administrative Judge affirmed OPM's refusal to score O'Brien's application because OPM had limited its announcement to applicants in the Washington, D.C. metro area. Id. at 5. The Board denied O'Brien's petition for review,

and the Administrative Judge's Initial Decision became the Final Order of the Board. Final Order at 1-2.

O'Brien timely appealed to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

ANALYSIS

This court must affirm the Board's decision unless it is: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000). Whether the Board has jurisdiction to hear an appeal is a question of law reviewed de novo. Diefenderfer v. Merit Sys. Prot. Bd., 194 F.3d 1275, 1277 (Fed. Cir. 1999). The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. 5 U.S.C. § 7701(a) (2000); Meeker v. Merit Sys. Prot. Bd., 319 F.3d 1368, 1374 (Fed. Cir. 2003). It is the petitioner's burden to show that the Board has jurisdiction by a preponderance of the evidence. Gilbert v. Dep't of Justice, 334 F.3d 1065, 1070 (Fed. Cir. 2003).

In his informal brief, O'Brien appears to argue all three of the issues raised before the Board. O'Brien first argues that OPM denied his right under 5 U.S.C. § 3304(f)(1) to compete for the announced position. On that point, the Board concluded that 5 C.F.R. § 335.103(b)(2) provides OPM the right to geographically limit a vacancy announcement so long as the area of consideration is sufficiently broad to ensure the availability of high quality candidates. Initial Decision at 4. The Board also found that the vacancy announcement to which O'Brien responded was limited to the Washington,

D.C. metro area. Id. at 4-5. We agree with the Board that OPM has the authority to geographically limit a vacancy announcement so long as the regulation's criterion is met. Substantial evidence supports the Board's finding that OPM limited the vacancy announcement to which O'Brien responded to the Washington, D.C. metro area. O'Brien, residing in South Carolina, was thus properly excluded.

O'Brien, however, contests the Board's interpretation of the vacancy announcement. He argues that the "disjunctive or" in the vacancy announcement's description of who could apply, quoted above, meant that the announcement was open to preference-eligible veterans nationwide. He cites Van Wersch v. Department of Health and Human Services, 197 F.3d 1144 (Fed. Cir. 1999), as supporting his interpretation of the announcement. Van Wersch merely held that where the disjunctive "or" is used between two clauses, those clauses are alternatives. Id. at 1151-52. In using "or," the announcement provided at least three alternative groups that could have applied for the position: "[1] [those] eligible for the Interagency Career Transition Assistance Program or [2] veterans with preference eligibility or [3] if you have been separated from the armed forces under honorable conditions after three years or more of continuous service (VEOA eligible)." (emphases added). This interpretation is consistent with the Board's interpretation of the announcement. Although the Board's interpretation requires imputing the geographic limitation listed in the first category of potential applicants to the remaining two categories, we cannot agree with O'Brien's contention that such a reading is implausible. Moreover, the Board found that "the agency's actions have been consistent with the geographic limitation for all applicants." Initial Decision at 5. Substantial evidence supports that finding. Given that OPM was

free to cancel the vacancy announcement and reissue it to clarify the geographic location, see Abell v. Dep't of the Navy, 343 F.3d 1378, 1383-85 (Fed. Cir. 2003), and given that OPM clarified its intent upon inquiry by O'Brien, the Board's decision to enforce the intended geographic limitation cannot be said to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

The Board concluded that O'Brien raised no argument with respect to whether the Washington, D.C. metro area was sufficiently broad to ensure the availability of high quality candidates. Initial Decision at 4. O'Brien argues that he did in fact raise such arguments. However, the record reveals that O'Brien's contentions with respect to the size of the geographic area and relevant population were actually arguments in support of his contention that an objective person reading the announcement would have considered the Washington, D.C. metro area insufficient to ensure the availability of high quality candidates and would have assumed that the entire announcement was not so limited. O'Brien concludes his argument, "Surely, the number [of applicants for the vacancy announcement] was sufficiently low to allow someone to realize an applicant 'may have been misled' by the 'not entirely clear' wording that should have meant something other than what it said." Thus, the Board's finding that O'Brien did not raise the argument before the Board is supported by substantial evidence.

With respect to the remaining two issues raised by O'Brien before the Board, whether OPM issued a fraudulent announcement and whether it improperly handled O'Brien's inquiries, we agree with the Board that neither the Board nor the Department of Labor had jurisdiction over these issues. Jurisdiction for O'Brien's appeal to the Board was found in 5 U.S.C. § 3330a(d)(1). That section permits appeal of a

Department of Labor investigation into alleged violations of veterans' preference statutes and regulations. Section 3330a(a)(1) permits the filing of a complaint with the Secretary of Labor by "[a] preference eligible who alleges that an agency has violated such individual's rights under any statute or regulation relating to veterans' preference." Under the statute, the Board's jurisdiction is limited to alleged violations of veterans' rights under any statute or regulation relating to veterans' preference. Any alleged improprieties by OPM in the announcement and selection process did not implicate and, thus, could not have violated the rights specified in section 3330a(a)(1).

O'Brien also argues that the Board violated his due process rights because the Board's opinion in this case does not meet the Board's own requirements regarding adequately explaining the factual and legal bases for its decision as articulated in Spithaler v. Office of Personnel Management, 1 M.S.P.R. 587, 589 (1980). O'Brien's argument is without merit. First, O'Brien has provided no authority for the proposition that the requirements articulated in Spithaler are constitutional in nature. Second, O'Brien has not shown any requirement of Spithaler that the Board's opinion in this case fails to meet.

Finally, O'Brien argues that the Board failed to consider 5 U.S.C. § 3330c in deciding his case. Because that provision only relates to remedies, there was no reason for the Board to consider it unless O'Brien prevailed. Thus, O'Brien's final argument is without merit.

For all of these reasons, the decision of the Board is affirmed.