# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DAVID DEAN,
                     Appellant,

          v.

DEPARTMENT OF COMMERCE,
                     Agency.

DOCKET NUMBER
AT-3330-19-0391-I-1

DATE: May 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

David Dean, Lugoff, South Carolina, pro se.

Sandra Soderstrom, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

The administrative judge docketed separate appeals under VEOA and the Uniformed Services Employment and Reemployment Rights Act of 1994 regarding the appellant's unsuccessful application for the position of Partnership Specialist, GG-0301-11/12-Census-EXT-AFC, under vacancy announcement number RCC2020ATL-2019-0270, which recruited for vacancies in Richland County, South Carolina. *Dean v. Department of Commerce*, MSPB Docket No. AT-3330-19-0391-I-1, Initial Appeal File (0391 IAF), Tabs 1-3, 5; *Dean v. Department of Commerce*, MSPB Docket No. AT-4324-19-0270-I-1, Initial Appeal File (0270 IAF), Tabs 1-2, 12. In the present appeal, the administrative judge issued a jurisdiction order setting forth the applicable burdens under VEOA and ordered the parties to file evidence and argument establishing the Board's jurisdiction. 0391 IAF, Tab 3 at 2-7. The order also informed the parties that, if the appellant met his jurisdictional burden, the administrative judge would hold a hearing if the appellant has requested one and there was a genuine dispute of material fact, or would allow for further development of the written record. *Id.* at 7-8. The appellant and the agency filed jurisdictional responses. 0391 IAF, Tabs 5-6.

During the pendency of the appeal, the appellant withdrew his request for a hearing. 0391 IAF, Tab 8 at 3. In an initial decision based on the written record, the administrative judge found that the appellant had established Board jurisdiction over his VEOA appeal but failed to establish that his veterans' preference rights were violated. 0391 IAF, Tab 11, Initial Decision (0391 ID) at 2, 4. In particular, the administrative judge determined that the agency's decision to open the vacancy only to residents of a certain county did not violate his veterans' preference rights. 0391 ID at 2-3. The administrative judge also found that, because the agency was not seeking to hire a nonveteran who ranked lower on the hiring certificate, 5 U.S.C. § 3318 "pass over" procedures did not apply. 0391 ID at 3-4. The appellant has filed a petition for review, the agency has filed a response, and the appellant has filed a reply thereto. *Dean v. Department of Commerce*, MSPB Docket No. AT-3330-19-0391-I-1, 0391 Petition for Review (0391 PFR) File, Tabs 1, 3-4.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's arguments on review fail to establish any material error in the initial decision. He primarily argues that the agency committed a prohibited personnel practice[2] by limiting the geographic area of consideration because a disabled veteran who did not reside in the specified county could not apply for

_____

[2] The administrative judge properly found that the appellant established jurisdiction over this appeal pursuant to VEOA. 0391 ID at 2; *see* 5 U.S.C. § 3330a; *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 6 (2008). The Board cannot obtain jurisdiction over claims of prohibited personnel practices claims through VEOA. *See Goldberg v. Department of Homeland Security*, 99 M.S.P.R. 660, ¶ 11 (2005); *see also Wren v. Department of the Army*, 2 M.S.P.R. 1, 2 (1980), *aff'd*, 681 F.2d 867, 871-73 (D.C. Cir. 1982) (stating that, absent an otherwise appealable action, the Board lacks jurisdiction over claims of prohibited personnel practices under 5 U.S.C. § 2302(b)). Therefore, to the extent that the administrative judge erred in failing to address explicitly the appellant's vague statement that the agency had "committed a Prohibited Personnel Action," the Board lacks jurisdiction to address such a claim. 0391 IAF, Tab 5 at 7; ID at 1-4; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

the position. 0391 PFR File, Tab 1 at 4, Tab 4 at 3. He asserts generally that the administrative judge improperly applied VEOA. 0391 PFR File, Tab 1 at 4. Finally, in his reply, he asserts for the first time that "[c]ircumstantial evidence suggests that illegal aliens, ex-convicts, and one Mexican citizen" were amongst the nonveterans whom the agency improperly referred or hired for the Partnership Specialist position. 0391 PFR File, Tab 4 at 3. The appellant did not submit into the record this alleged "[c]ircumstantial evidence" or provide any further information regarding this claim. 0391 PFR File, Tab 1 at 4, Tab 4 at 3.

Although the appellant withdrew his request for a hearing, the administrative judge issued a decision without affording the parties the opportunity to make final submissions regarding the merits of his VEOA claim prior to the close of the record, in accordance with her jurisdiction order. 0391 IAF, Tab 3 at 7-8, Tab 8 at 3; *see Jarrard v. Department of Justice*, 113 M.S.P.R. 502, ¶ 11 (2010). Nonetheless, we find that remand is unnecessary because the record of the dispositive issues is fully developed, there is no genuine dispute of material fact, and the agency must prevail as a matter of law. *See Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶¶ 9-10 (2008) (stating that the Board may decide the merits of a VEOA appeal without a hearing when there is no genuine dispute of material fact and one party must prevail as a matter of law).

When, as here, an agency accepts applications from outside its workforce, 5 U.S.C. 3304(f)(1) allows certain preference-eligibles or veterans to compete for the vacant position. *See generally Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶¶ 4-5 (2016). The right to compete pursuant to 5 U.S.C. § 3304(f)(1) does not preclude an agency from eliminating a veteran or preference-eligible from further consideration for a position based on his qualifications for the position, and nothing requires that the veteran or preference-eligible be considered at every stage of the selection process. *Harellson v. U.S. Postal Service*, 113 M.S.P.R. 534, ¶ 11 (2010); *see also Lazaro*

*v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012) ("[T]he VEOA does not enable veterans to be considered for positions for which they are not qualified."); *Dale v. Department of Veterans Affairs*, 102 M.S.P.R. 646, ¶ 13 (2006) (same). It is undisputed that the appellant was not a current resident of Richland County at the time of his application for the Partnership Specialist position and that the vacancy announcement expressly stated that applicants must be residents of the county in order to be considered for the "Work-at-Home" position. 0391 IAF, Tab 5 at 4; 0270 IAF, Tab 1 at 4, Tab 10 at 23, 36-37.[3] Therefore, it is undisputed that the appellant did not meet the articulated geographic area of consideration requirement.

The appellant's repeated assertions that the geographic area of consideration was "impermissible" are unpersuasive. 0391 PFR File, Tab 4 at 3; 0391 IAF, Tab 5 at 7. Pursuant to Office of Personnel Management regulation, an area of consideration must be sufficiently broad to ensure the availability of high quality candidates, taking into account the nature and level of the positions covered. 5 C.F.R. § 335.103(b)(2). In *Montee v. Department of the Army*, 110 M.S.P.R. 271, ¶¶ 8-10 (2008), the Board found that a residency requirement or geographic area of consideration related to the skills, experience, education or other qualifications that would be required of an individual appointed to the position in question would not violate VEOA. *See also O'Brien v. Office of Personnel Management*, 118 F. App'x 484, 486 (Fed. Cir. 2004)[4] (finding that an agency has the right to geographically limit a vacancy announcement "so long as

---

[3] The agency's response to the jurisdiction order in the present appeal incorporates by reference the entirety of its narrative response and motion to dismiss in the 0270 appeal. 0391 IAF, Tab 6 at 7-8; 0270 IAF, Tab 10. The agency cites to the record in the 0270 appeal throughout this pleading, which it filed in both appeals. 0391 IAF, Tab 6 at 5-9; 0270 IAF, Tab 15 at 5-9. Therefore, we have considered the documentary evidence submitted by the agency with its narrative response in the 0270 appeal as incorporated by reference into the record of the present appeal.

[4] Although *O'Brien* is an unpublished decision, the Board may rely on unpublished U.S. Court of Appeals for the Federal Circuit decisions when, as here, it finds the court's reasoning persuasive. *Mauldin v. U.S. Postal Service*, 115 M.S.P.R. 513, ¶ 12 (2011).

the area of consideration is sufficiently broad to ensure the availability of high quality candidates," even when there are applicants under 5 U.S.C. § 3304(f)(1)).

As discussed in the initial decision, the agency put forth evidence and argument concerning the importance of current community ties within the relevant county to the performance of the position. 0391 ID at 2-3; 0270 IAF, Tab 10 at 6-7, 39. Although the appellant argued that the agency's decision to restrict eligibility for the Partnership Specialist position to residents of Richland County "benefited only those residing within the county lines," 0391 IAF, Tab 5 at 8, he has not challenged the availability of high-quality candidates for the position amongst the eligible population, 0391 IAF, Tabs 1, 5; 0391 PFR File, Tabs 1, 4. As asserted by the appellant, the residency requirement precluded preference eligibles "from applying [and qualifying] for the position unless they were living within" the county. 0391 IAF, Tab 5 at 7. However, regardless of the appellant's vague statement on review describing nonveterans purportedly referred or selected, 0391 PFR File, Tab 4 at 3, the record demonstrates that the residency restriction did not have the overall effect of excluding veterans. The delegating examining certificate demonstrated that all three selectees, and four of the individuals referred, were preference-eligible disabled veterans. 0270 IAF, Tab 10 at 19-22.[5]

The undisputed record demonstrates that the agency's decision not to refer his application to the hiring authority for failing to meet the geographic area of consideration, a qualification of the position, did not violate the appellant's veterans' preference rights. 0391 IAF, Tab 5 at 7-8; 0270 IAF, Tab 10 at 22-24;

---

[5] We take official notice that the veterans' preference code "CPS" on the certificate means "10-point 30 Percent Compensable Disability Preference based on a service-connected disability of 30% or more" as set forth in chapter 4, § B, page 4-18 of the Office of Personnel Management's *Delegated Examining Operations Handbook: A Guide for Federal Agency Examining Offices* (2019), https://www.opm.gov/policy-data-oversight/hiring-information/competitive-hiring/deo_handbook.pdf (last visited May 20, 2024). 5 C.F.R. § 1201.64 (providing that the Board may take official notice of matters that can be verified); *see Perkins v. U.S. Postal Service*, 100 M.S.P.R. 48, ¶ 12 n.4 (2005).

*see Harellson*, 113 M.S.P.R. 534, ¶ 11. The appellant has not challenged, and we find no reason to disturb, the administrative judge's finding that the 5 U.S.C. § 3318 "pass over" procedures do not apply to the circumstances alleged in this appeal. 0391 ID at 3-4; 0270 IAF, Tab 10 at 19-21. Therefore, we find that the agency is entitled to prevail as a matter of law, and we affirm the initial decision denying the appellant's request for corrective action under VEOA.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3)** **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_Gina K. Grippando_

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.